NO. 07-03-0131-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 19, 2005


______________________________



FERNANDO PATINO, 



 Appellant


v.



THE STATE OF TEXAS,



 Appellee

_________________________________



FROM THE 110TH DISTRICT COURT OF BRISCOE COUNTY;



NO. 1072; HON. JOHN R. HOLLUMS, PRESIDING


_______________________________



Memorandum Opinion


________________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ. (1)

 Appellant, Fernando Patino, appeals his conviction for murder through nine points
of error. They involve the trial court's decision to 1) overrule his challenges for cause levied
against two jurors, 2) bar him from questioning Linda Baird about any other sexual
relationships she may have had, 3) admit color photographs of the victim, 4) deny an
instruction on three lesser-included offenses, and 5) prevent appellant from questioning
Richard Roehr about appellant's relationship with Linda Baird. So too does appellant
contend that the evidence 1) was insufficient to establish that he "intentionally and
knowingly" killed the victim and 2) established that he acted under the influence of "sudden
passion." We affirm the judgment of the trial court.

Background 


 Appellant and Linda Baird (Baird) dated and lived together, off and on, for
approximately eight years. During that time, the couple had a son. 

 On June 29, 2002, at a time when Baird and appellant were not living together, Joe
Mark House (House) visited Baird at her home. Thereafter, appellant obtained a gun from
his employer's garage, parked his vehicle at a neighbor's house, and walked to Baird's
home. (2) He then went to his son's bedroom window, asked him where Baird was, and found
out she had gone to the store with House. When Baird and House returned, appellant
killed House by shooting him twice. He then chased Baird and fired the gun at her, but
missed. Appellant was subsequently indicted for the murder of House. 

Point of Error 1 - Challenges for Cause


 By his first point of error, appellant contends that the trial court erred in refusing to
remove two venire persons subject to challenges for cause. We overrule the point.

 Appellant asserts that the two venire members, John Grimland and James Estes,
were subject to challenge because each had heard of the case and had formed an opinion
or conclusion about his guilt or innocence. Upon questioning, however, the two
represented that they could set aside those opinions and render a verdict based upon the
evidence. This led the trial court to overrule the challenges for cause levied by appellant
against them. The trial court did not abuse its discretion in doing so, see Ladd v. State, 3
S.W.3d 547, 559 (Tex. Crim. App. 1999) (applying the standard of abused discretion to
issues like that before us), since we must defer to its judgment when the venire members
vacillate or equivocate about whether they can follow the law. Id. In other words, because
the two venire members represented that they could set aside their preconceptions and
base their decision upon the evidence admitted at trial, the trial court was entitled to believe
them and deny appellant's challenges for cause. See Green v. State, 840 S.W.2d 394, 406
(Tex. Crim. App. 1992) (holding that conflicting responses provided an adequate basis
supporting the trial court's decision to either retain a prospective juror or excuse the person
for cause). 

Point of Error 2 - Evidence of Sexual Relationships


 Appellant next argues that the trial court erred in denying him the opportunity to
question Baird about any intimate relationship she may have had during the eight years she
maintained a relationship with appellant. We overrule the point. 

 Appellant sought to question Baird about "her intimate relationships" with other men
while she lived with appellant. He believed that the evidence was relevant to his claim of
sudden passion. Yet, while perfecting his bill of exceptions to the court's ruling, appellant
was permitted to ask if she had actually engaged in sexual activity with others while living
with appellant. To that question, she answered "no"; moreover, the veracity of that
response went uncontested on appeal. Given the response, we cannot see how appellant
was harmed by the trial court's decision, assuming arguendo that it was wrong. In other
words, conduct which did not occur can hardly tend to show that the murder was sparked
by the conduct. This is especially true when 1) leave was afforded appellant to ask Baird
(in front of the jury) about whether he "accused" her of engaging in illicit affairs and 2)
appellant failed to explain how acts which did not occur incited him to murder. 

Point of Error 3 - Admission of Photographs 


 Next, appellant argues that the trial court erred in failing to engage in a balancing
test when addressing his Rule 403 objection to two autopsy photos of House. (3) We overrule
the point.

 Admittedly, a trial court is required to perform the balancing test mentioned by
appellant when a Rule 403 objection is uttered. Yet, it need not convene an independent
hearing to do so, Franco v. State, 25 S.W.3d 26, 28 (Tex. App.-El Paso 2000, pet. ref'd),
nor illustrate, of record, that it undertook the requisite balancing. Parmer v. State, 38
S.W.3d 661, 670 (Tex. App.-Austin 2001, pet. ref'd). Indeed, by the trial court considering
and overruling the objection, it can be said that it necessarily engaged in the act. Id. 
Since the trial court considered and overruled the Rule 403 objection at bar, we cannot say
that it erred in the manner suggested by appellant. 

Points of Error 4 and 5 - Legal and Factual Sufficiency 


 In his fourth and fifth points, appellant challenges the legal and factual sufficiency
of the evidence to show that he "intentionally and knowingly" killed House. The issues are
overruled.

 According to appellant, the evidence failed to show that he shot at House, as
opposed to shooting in the air or at Baird. We disagree for the record contains evidence
illustrating that appellant 1) went to his employer's house and stole a gun, 2) returned to
Baird's house with the gun, 3) pointed the gun at House while walking toward him and
saying: "I hope you're happy you son of a bitch," 4) fired twice, and 5) then fired the
weapon at Baird. Bullets struck House in his forehead (between the eyes) and in his
shoulder. This evidence amply supports the conviction under the legal and factual
sufficiency standards mentioned in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.
Ed.2d 560 (1979), Sims v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), Zuliani v. State,
97 S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App.
2000). 

Point of Error 6 - Lesser-Included Offenses


 In his sixth point of error, appellant claims that the trial court erred in failing to
instruct the jury on the lesser-included offenses of manslaughter, aggravated assault, and
deadly conduct. We overrule the point.

 Appellant believes he was entitled to the instructions for reasons akin to those
mentioned under issues four and five. That is, evidence of record purportedly illustrated
that he shot House while actually chasing and intending to shoot Baird. Thus, the
argument goes, the jury had before it evidence suggesting that he never intended to kill
House. The problem with the contention is twofold.

 First, the evidence upon which appellant founds his argument consists of statements
made by witnesses and describing how House was discovered laying on the ground while
appellant chased and shot at Baird. And, this testimony, says appellant, "establishes that
Appellant was shooting at Baird not [H]ouse . . . ." Yet, missing from that cited in
appellant's brief, is evidence from the witnesses to which he alludes describing how House
came to be shot or that they even saw him being shot. Without it, one cannot reasonably
infer that House was mistakenly shot while chasing Baird. While it may be that subsequent
acts may, at times, allow one to infer prior acts (e.g. inferring that the accused was the one
who bit the ear off of the victim because the accused was seen spitting it from his mouth)
the ones cited at bar do not. That A was seen chasing C after B was assaulted is no
evidence that A never intended to assault B at the time of the assault. 

 Second, appellant does not deny that he chased and intended to shoot at Baird. 
Assuming that he so intended to kill Baird but mistakenly killed House, then he could still
be convicted for murdering House. This is so because statute provides that one is
"nevertheless criminally responsible for causing the result if the only difference between
what actually occurred and what he desired . . . is that . . . a different person . . . was
injured, harmed or otherwise affected." Tex. Pen. Code Ann. §6.04(b)(2) (Vernon 2003). 
Per this statute, simply because a defendant intended to shoot and kill A but instead
missed A and killed B, the defendant is not insulated from the charge of murdering B. 
Martinez v. State, 844 S.W.2d 279, 281-82 (Tex. App.-San Antonio 1992, pet. ref'd). 
Given this, we cannot say that from the evidence cited by appellant, the jury could have
concluded that if he was guilty of anything, it was only manslaughter, aggravated assault,
or deadly conduct. And, that would have been necessary for us to find that the trial court
erred in refusing to instruct the jury on those potential lesser-included offenses. See
Hampton v. State, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003) (stating that one is entitled
to an instruction on a lesser-included offense, if, among other things, some evidence exists
of record from which a jury could rationally conclude that the defendant is guilty only of the
lesser crime).

Points of Error 7 and 8 - Proof of Sudden Passion


 In his seventh and eighth points, appellant attacks the jury's refusal to find that he
killed House while under the influence of sudden passion. We overrule the issues.

 Appearing of record is evidence that on the night of the shooting, appellant 1) saw
House at Baird's home, 2) called his (appellant's) employer, Flournoy Hutsell, and told
Hutsell that he needed to take a battery charger off another vehicle in Hutsell's garage, 3)
entered the garage and acquired a pistol, 4) drove to the home of Juan Garcia (a friend of
appellant), 5) spoke with Garcia for a bit and asked if he could leave his car there, 6) did
not appear angry to Garcia, 7) walked one or two blocks to Baird's house, 8) inquired about
Baird's presence when he arrived, 9) discovered that Baird and House had gone to a
convenience store, 10) waited for their return, and 11) shot House upon his return. There
is no evidence that either Baird or House spoke to appellant before the first shot was fired. 
The foregoing evidence was and is sufficient to permit a jury to reasonably infer that
appellant had time to reflect and actually reflected upon his actions before undertaking
them. And, because it did, the jury was entitled to reject the claim of sudden passion. See
Garza v. State, 878 S.W.2d 213, 219 (Tex. App.-Corpus Christi 1994, pet. ref'd) (holding
that the evidence was sufficient to disprove sudden passion when no heated discussion
had taken place, no resistance or other form of provocation was made by the other man
or the defendant's wife, and the defendant had previously confronted his wife with his
suspicion of her affair). That a psychologist expressed his opinion about appellant having
acted under sudden passion did not require the jury to find otherwise for it was free to reject
that testimony. See McAllister v. State, 933 S.W.2d 763, 766 (Tex. App.-Houston [14th
Dist.] 1996, pet. ref'd) (holding that a jury is free to accept or reject defensive evidence).

Point of Error 8 - Testimony of Richard Roehr


 In his final point of error, appellant complains of the trial court's refusal to admit the
testimony of Richard Roehr as to the prior relationship between appellant and Baird. We
overrule the issue.

 Appellant asked Roehr if appellant had ever talked to him about his and Baird's
"situation." Roehr stated that appellant had done so at least two years previously. At that
point, the State objected on the basis of hearsay. Appellant asserted that the testimony
was not hearsay because it tended to reflect his (appellant's) state of mind. Nonetheless,
the trial court found it inadmissible due to its hearsay nature and remoteness in time. Via
a bill of exception, Roehr disclosed that appellant had told him that he and Baird were not
getting along and that he thought she was running around on him. By this time, however,
Baird had already testified about appellant accusing her of having affairs and the disputes
they had with regard to that matter. Given Baird's testimony, one could reasonably view
Roehr's testimony about appellant's relationship with Baird and the accusations levied
against her as cumulative of evidence already before the jury. Being cumulative, it was
subject to exclusion. Harwood v. State, 961 S.W.2d 531, 539 (Tex. App.-San Antonio
1997, no pet.) (holding that a trial court may exclude cumulative evidence).

 Furthermore, while appellant contends that the trial court erred in excluding the
testimony, he does not attack the grounds upon which it acted. That is, he does not
contend, on appeal, that the evidence was something other than hearsay or fell within an
exception to the hearsay rule. Nor does he attempt to explain how the testimony was
sufficiently close in time to the murder to warrant its admission. Given this, he did not carry
his burden on appeal to show that the trial court's decision was incorrect. 

 Having overruled each issue, we affirm the judgment of the trial court.


 Per Curiam

 


Do not publish. 

 
1. Chief Justice Johnson did not participate in deciding this appeal.
2. Appellant told a psychologist that he had seen a fire near Baird's house and when he went to
investigate, he observed Baird serving House some food in the home. Appellant then went and obtained a
weapon and returned to Baird's home. 
3. Texas Rule of Evidence 403 permits the exclusion of relevant evidence when the probative value
of the evidence is substantially outweighed by, among other things, the risk of unfair prejudice.