IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00054-CR

 

Carl Phillip Monk,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 05-08-13912-BCCR

 



MEMORANDUM  Opinion



 








Appellant Carl Phillip Monk was
indicted for aggravated robbery.  At trial, the State requested and the court
submitted the lesser-included offense of robbery over Monk’s objection.  The
jury convicted Monk of robbery and, upon a finding of “true” to a felony
enhancement allegation, sentenced him to 45 years in prison.  On appeal, he
argues that the trial court erred in including the lesser-included offense in
the jury charge and that the evidence is legally and factually insufficient to
support the conviction.




The Charge

A jury charge instruction on a
lesser-included offense must be given only if (1) the lesser-included offense
is included within the proof necessary to establish the offense charged; and
(2) some evidence exists in the record that would permit a jury rationally to
find that if the defendant is guilty, he is guilty only of the lesser offense. 
Hampton v. State, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003) (citing Rousseau
v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993)).  Both prongs of the
test must be met, regardless of whether such an instruction is requested by the
defendant or by the State.  Arevalo v. State, 943 S.W.2d 887, 890 (Tex.
Crim. App. 1997).

Monk does not challenge whether
robbery is a lesser-included offense of aggravated robbery, rather he challenges
whether there is evidence that would permit a rational jury to find that he is
guilty only of the lesser offense.  Hampton, 109 S.W.3d at 440
(citing Mathis v. State, 67 S.W.3d 918, 925 (Tex. Crim. App. 2002)).  In
determining if the second prong has been met, there must be some evidence
directly germane to a lesser-included offense for the factfinder to consider
before an instruction on a lesser-included offense is warranted.  Skinner v.
State, 956 S.W.2d 532, 543 (Tex. Crim. App. 1997). 

The State called two witnesses at
trial, the victim of the alleged robbery, Andrew Parsons, and Deputy Sheriff
August Threlkeld.  Parsons testified that Monk, whom he met at a convenience
store in Laguna Park, Texas, asked for a ride to Clifton.  Parsons agreed to
drive him approximately four miles to “Uncle Gus’s turnoff.”  Parsons testified
that, when they got to the turnoff, Monk asked that he take him back to the
convenience store.  Parsons then felt something touch his side and he saw the
blade of a knife.  Monk held the knife to Parsons’s side throughout the return
trip to the store but did not speak.  Parsons stated that he was afraid and
considered the knife to be a deadly weapon.  At the store, Monk got out of the
vehicle and took Parson’s beer without further incident.

Monk was still at the store when
Threlkeld arrived, approximately fifteen minutes after he first received a call
that “a man had been threatened at [the store] with a knife.”  He questioned
Monk, who said he did not have a knife, and searched Monk’s backpack, the
store, and behind the store in “high grass” where an employee claimed to have
seen Monk after the alleged robbery.  The knife was never found.  Threlkeld
testified that although he searched everywhere the knife could have been, he
could have “missed” the knife in the high grass behind the store.

In Hampton, the Court of
Criminal Appeals held that the second prong was not met because the only
affirmative evidence adduced at trial concerning the issue of whether a knife
was used was the victim’s testimony that the defendant “brandished a knife and
had held it to her throat.”  Hampton, 109 S.W.3d at 439.  However, in
this case, there was contradictory evidence concerning the issue of whether
Monk used a knife. Threlkeld testified that Monk stated that he did not have a
knife.  We find that this is some evidence that if Monk is guilty, he is guilty
only of the lesser offense.  See id. at 440.  Accordingly, we hold that
the trial court did not err in submitting the lesser-included offense of robbery.




Sufficiency of the Evidence

Standard of Review

When reviewing a challenge to the
legal sufficiency of the evidence, we must determine whether, after viewing all
the evidence in the light most favorable to the verdict, any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).  We do not resolve any conflict of fact or assign
credibility to the witnesses, as this was the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992); Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991).  In so doing, any inconsistencies
in the evidence are resolved in favor of the verdict.  Curry v. State,
30 S.W.3d 394, 406 (Tex. Crim. App. 2000); Matson, 819 S.W.2d at 843.

      The
standard of review for a factual sufficiency claim was recently revisited by
the Court of Criminal Appeals in Watson v. State, ___ S.W.3d. ___, 2006 WL 2956272 (Tex. Crim. App. Oct. 18, 2006).

We, as the reviewing court, ask whether a neutral review of all the
evidence, though legally sufficient, demonstrates either that the proof of
guilt is so weak or that conflicting evidence is so strong as to render the
jury's verdict clearly wrong and manifestly unjust.  Watson, ___ S.W.3d at
___, 2006 WL 2956272, at *8; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  AThe court reviews the evidence weighed by the jury
that tends to prove the existence of the elemental fact in dispute and compares
it with the evidence that tends to disprove that fact.@  Johnson,
23 S.W.3d at 7 (quoting Jones v. State, 944 S.W.2d 642, 647 (Tex. Crim.
App. 1996)).  The appellate court Adoes not indulge
in inferences or confine its view to evidence favoring one side of the case. 
Rather, it looks at all the evidence on both sides and then makes a
predominantly intuitive judgment. . . .A  Id. (quoting William Powers and Jack Ratliff, Another Look at ANo Evidence@ and AInsufficient
Evidence,@ 69 Tex. L. Rev. 515, 519 (1991)).

The nature of a factual sufficiency review authorizes an appellate
court, although to a very limited degree, to act as the so-called “thirteenth
juror” to review the fact finder=s weighing of
the evidence and disagree with the fact finder=s
determination.  Watson, ___ S.W.3d at ___, 2006 WL 2956272, at *10 (citing
Tibbs v. Florida, 457 U.S. 31, 42-3, 102 S.Ct. 2211, 2218, 72 L.Ed.2d
652 (1982), and Meraz v. State, 785 S.W.2d 146, 156 (Tex. Crim. App.
1990)).  If an appellate court concludes that the evidence is factually
insufficient, however, it must clearly state why it has reached that
conclusion.  Johnson, 23 S.W.3d at 7 (citing Pool v. Ford Motor
Company, 715 S.W.2d 629, 635 (Tex. 1986)).

Legal Sufficiency Analysis

A person commits the offense of
robbery by intentionally, knowingly, or recklessly causing bodily injury to
another or intentionally or knowingly threatening or placing another in fear of
imminent bodily injury or death in the course of committing theft.  Tex. Pen. Code Ann. § 29.02(a) (Vernon 2003).  In viewing all the evidence, we cannot
say that a rational trier of fact could not have found guilt beyond a
reasonable doubt or that the jury was not rationally justified in finding
guilt.  Parsons testified that although Monk did not make any verbal threats,
he held a knife to Parsons’ side until they returned to the convenience store. 
Parsons further testified that he was afraid of Monk injuring him with the
knife.  In viewing the evidence in the light most favorable to the verdict we
find that the evidence is legally sufficient to support the robbery conviction.

Factual Sufficiency Analysis

Considering all of the evidence in a
neutral light, we find that the jury was justified in finding Monk
guilty.  Watson, ___ S.W.3d at ___, 2006 WL 2956272,
at *8.  As stated above, Parsons
testified that Monk threatened him by holding a knife to his side and then took
Parsons’s beer from his vehicle.  We do not find that this evidence is “so
weak” to make the jury’s determination of guilt “clearly wrong and manifestly
unjust.”  Id.  Further, Monk presented no conflicting evidence. 
Accordingly, we find that the evidence was factually sufficient.

Conclusion

      The judgment of the trial court is affirmed.

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

            (Chief
Justice Gray concurs in the judgment without a separate opinion.)

Affirmed

Opinion
delivered and filed November 15, 2006

Do
not publish

[CRPM]