NO. 07-03-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 19, 2005
_____

FERNANDO PATINO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 110TH DISTRICT COURT OF BRISCOE COUNTY;

NO. 1072; HON. JOHN R. HOLLUMS, PRESIDING
_____

*Memorandum Opinion*
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.[1]

Appellant, Fernando Patino, appeals his conviction for murder through nine points of error. They involve the trial court's decision to 1) overrule his challenges for cause levied against two jurors, 2) bar him from questioning Linda Baird about any other sexual relationships she may have had, 3) admit color photographs of the victim, 4) deny an instruction on three lesser-included offenses, and 5) prevent appellant from questioning

_____

[1]Chief Justice Johnson did not participate in deciding this appeal.

Richard Roehr about appellant's relationship with Linda Baird. So too does appellant contend that the evidence 1) was insufficient to establish that he "intentionally and knowingly" killed the victim and 2) established that he acted under the influence of "sudden passion." We affirm the judgment of the trial court.

### Background

Appellant and Linda Baird (Baird) dated and lived together, off and on, for approximately eight years. During that time, the couple had a son.

On June 29, 2002, at a time when Baird and appellant were not living together, Joe Mark House (House) visited Baird at her home. Thereafter, appellant obtained a gun from his employer's garage, parked his vehicle at a neighbor's house, and walked to Baird's home.[2] He then went to his son's bedroom window, asked him where Baird was, and found out she had gone to the store with House. When Baird and House returned, appellant killed House by shooting him twice. He then chased Baird and fired the gun at her, but missed. Appellant was subsequently indicted for the murder of House.

### Point of Error 1 - Challenges for Cause

By his first point of error, appellant contends that the trial court erred in refusing to remove two venire persons subject to challenges for cause. We overrule the point.

Appellant asserts that the two venire members, John Grimland and James Estes, were subject to challenge because each had heard of the case and had formed an opinion or conclusion about his guilt or innocence. Upon questioning, however, the two

---

[2]Appellant told a psychologist that he had seen a fire near Baird's house and when he went to investigate, he observed Baird serving House some food in the home. Appellant then went and obtained a weapon and returned to Baird's home.

represented that they could set aside those opinions and render a verdict based upon the evidence. This led the trial court to overrule the challenges for cause levied by appellant against them. The trial court did not abuse its discretion in doing so, *see Ladd v. State,* 3 S.W.3d 547, 559 (Tex. Crim. App. 1999) (applying the standard of abused discretion to issues like that before us), since we must defer to its judgment when the venire members vacillate or equivocate about whether they can follow the law. *Id.* In other words, because the two venire members represented that they could set aside their preconceptions and base their decision upon the evidence admitted at trial, the trial court was entitled to believe them and deny appellant's challenges for cause. *See Green v. State,* 840 S.W.2d 394, 406 (Tex. Crim. App. 1992) (holding that conflicting responses provided an adequate basis supporting the trial court's decision to either retain a prospective juror or excuse the person for cause).

### Point of Error 2 - Evidence of Sexual Relationships

Appellant next argues that the trial court erred in denying him the opportunity to question Baird about any intimate relationship she may have had during the eight years she maintained a relationship with appellant. We overrule the point.

Appellant sought to question Baird about "her intimate relationships" with other men while she lived with appellant. He believed that the evidence was relevant to his claim of sudden passion. Yet, while perfecting his bill of exceptions to the court's ruling, appellant was permitted to ask if she had actually engaged in sexual activity with others while living with appellant. To that question, she answered "no"; moreover, the veracity of that response went uncontested on appeal. Given the response, we cannot see how appellant was harmed by the trial court's decision, assuming *arguendo* that it was wrong. In other

3

words, conduct which did not occur can hardly tend to show that the murder was sparked by the conduct. This is especially true when 1) leave was afforded appellant to ask Baird (in front of the jury) about whether he "accused" her of engaging in illicit affairs and 2) appellant failed to explain how acts which did not occur incited him to murder.

### Point of Error 3 - Admission of Photographs

Next, appellant argues that the trial court erred in failing to engage in a balancing test when addressing his Rule 403 objection to two autopsy photos of House.[3] We overrule the point.

Admittedly, a trial court is required to perform the balancing test mentioned by appellant when a Rule 403 objection is uttered. Yet, it need not convene an independent hearing to do so, *Franco v. State*, 25 S.W.3d 26, 28 (Tex. App.–El Paso 2000, pet. ref'd), nor illustrate, of record, that it undertook the requisite balancing. *Parmer v. State*, 38 S.W.3d 661, 670 (Tex. App.–Austin 2001, pet. ref'd). Indeed, by the trial court considering and overruling the objection, it can be said that it necessarily engaged in the act. *Id.* Since the trial court considered and overruled the Rule 403 objection at bar, we cannot say that it erred in the manner suggested by appellant.

### Points of Error 4 and 5 - Legal and Factual Sufficiency

In his fourth and fifth points, appellant challenges the legal and factual sufficiency of the evidence to show that he "intentionally and knowingly" killed House. The issues are overruled.

---

[3]Texas Rule of Evidence 403 permits the exclusion of relevant evidence when the probative value of the evidence is substantially outweighed by, among other things, the risk of unfair prejudice.

According to appellant, the evidence failed to show that he shot at House, as opposed to shooting in the air or at Baird. We disagree for the record contains evidence illustrating that appellant 1) went to his employer's house and stole a gun, 2) returned to Baird's house with the gun, 3) pointed the gun at House while walking toward him and saying: "I hope you're happy you son of a bitch," 4) fired twice, and 5) then fired the weapon at Baird. Bullets struck House in his forehead (between the eyes) and in his shoulder. This evidence amply supports the conviction under the legal and factual sufficiency standards mentioned in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L. Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000).

### *Point of Error 6 - Lesser-Included Offenses*

In his sixth point of error, appellant claims that the trial court erred in failing to instruct the jury on the lesser-included offenses of manslaughter, aggravated assault, and deadly conduct. We overrule the point.

Appellant believes he was entitled to the instructions for reasons akin to those mentioned under issues four and five. That is, evidence of record purportedly illustrated that he shot House while actually chasing and intending to shoot Baird. Thus, the argument goes, the jury had before it evidence suggesting that he never intended to kill House. The problem with the contention is twofold.

First, the evidence upon which appellant founds his argument consists of statements made by witnesses and describing how House was discovered laying on the ground while appellant chased and shot at Baird. And, this testimony, says appellant, "establishes that

5

Appellant was shooting at Baird not [H]ouse . . . ." Yet, missing from that cited in appellant's brief, is evidence from the witnesses to which he alludes describing how House came to be shot or that they even saw him being shot. Without it, one cannot reasonably infer that House was mistakenly shot while chasing Baird. While it may be that subsequent acts may, at times, allow one to infer prior acts (*e.g.* inferring that the accused was the one who bit the ear off of the victim because the accused was seen spitting it from his mouth) the ones cited at bar do not. That A was seen chasing C after B was assaulted is no evidence that A never intended to assault B at the time of the assault.

Second, appellant does not deny that he chased and intended to shoot at Baird. Assuming that he so intended to kill Baird but mistakenly killed House, then he could still be convicted for murdering House. This is so because statute provides that one is "nevertheless criminally responsible for causing the result if the only difference between what actually occurred and what he desired . . . is that . . . a different person . . . was injured, harmed or otherwise affected." TEX. PEN. CODE ANN. §6.04(b)(2) (Vernon 2003). Per this statute, simply because a defendant intended to shoot and kill A but instead missed A and killed B, the defendant is not insulated from the charge of murdering B. *Martinez v. State*, 844 S.W.2d 279, 281-82 (Tex. App.–San Antonio 1992, pet. ref'd). Given this, we cannot say that from the evidence cited by appellant, the jury could have concluded that if he was guilty of anything, it was only manslaughter, aggravated assault, or deadly conduct. And, that would have been necessary for us to find that the trial court erred in refusing to instruct the jury on those potential lesser-included offenses. *See Hampton v. State,* 109 S.W.3d 437, 440 (Tex. Crim. App. 2003) (stating that one is entitled to an instruction on a lesser-included offense, if, among other things, some evidence exists

6

of record from which a jury could rationally conclude that the defendant is guilty only of the lesser crime).

### *Points of Error 7 and 8 - Proof of Sudden Passion*

In his seventh and eighth points, appellant attacks the jury's refusal to find that he killed House while under the influence of sudden passion.  We overrule the issues.

Appearing of record is evidence that on the night of the shooting, appellant 1) saw House at Baird's home, 2) called his (appellant's) employer, Flournoy Hutsell, and told Hutsell that he needed to take a battery charger off another vehicle in Hutsell's garage, 3) entered the garage and acquired a pistol, 4) drove to the home of Juan Garcia (a friend of appellant), 5) spoke with Garcia for a bit and  asked if he could leave his car there, 6) did not appear angry to Garcia, 7) walked one or two blocks to Baird's house, 8) inquired about Baird's presence when he arrived, 9) discovered that Baird and House had gone to a convenience store, 10) waited for their return, and 11) shot House upon his return.  There is no evidence that either Baird or House spoke to appellant before the first shot was fired.  The foregoing evidence was and is sufficient to permit a jury to reasonably infer that appellant had time to reflect and actually reflected upon his actions before undertaking them.  And, because it did, the jury was entitled to reject the claim of sudden passion.  *See Garza v. State,* 878 S.W.2d 213, 219 (Tex. App.–Corpus Christi 1994, pet. ref'd) (holding that the evidence was sufficient to disprove sudden passion when no heated discussion had taken place, no resistance or other form of provocation was made by the other man or the defendant's wife, and the defendant had previously confronted his wife with his suspicion of her affair).  That a psychologist expressed his opinion about appellant having acted under sudden passion did not require the jury to find otherwise for it was free to reject

7

that testimony. *See McAllister v. State,* 933 S.W.2d 763, 766 (Tex. App.–Houston [14th Dist.] 1996, pet. ref'd) (holding that a jury is free to accept or reject defensive evidence).

### Point of Error 8 - Testimony of Richard Roehr

In his final point of error, appellant complains of the trial court's refusal to admit the testimony of Richard Roehr as to the prior relationship between appellant and Baird. We overrule the issue.

Appellant asked Roehr if appellant had ever talked to him about his and Baird's "situation." Roehr stated that appellant had done so at least two years previously. At that point, the State objected on the basis of hearsay. Appellant asserted that the testimony was not hearsay because it tended to reflect his (appellant's) state of mind. Nonetheless, the trial court found it inadmissible due to its hearsay nature and remoteness in time. Via a bill of exception, Roehr disclosed that appellant had told him that he and Baird were not getting along and that he thought she was running around on him. By this time, however, Baird had already testified about appellant accusing her of having affairs and the disputes they had with regard to that matter. Given Baird's testimony, one could reasonably view Roehr's testimony about appellant's relationship with Baird and the accusations levied against her as cumulative of evidence already before the jury. Being cumulative, it was subject to exclusion. *Harwood v. State,* 961 S.W.2d 531, 539 (Tex. App.–San Antonio 1997, no pet.) (holding that a trial court may exclude cumulative evidence).

Furthermore, while appellant contends that the trial court erred in excluding the testimony, he does not attack the grounds upon which it acted. That is, he does not contend, on appeal, that the evidence was something other than hearsay or fell within an exception to the hearsay rule. Nor does he attempt to explain how the testimony was

sufficiently close in time to the murder to warrant its admission. Given this, he did not carry his burden on appeal to show that the trial court's decision was incorrect.

Having overruled each issue, we affirm the judgment of the trial court.


Per Curiam


Do not publish.