Walter HAMPTON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–00–00798–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 6, 2001.

Shawna L. Reagin, Houston, for appellant.

Bridget Holloway, Assistant District Attorney–Harris County, Houston, for state.

Panel consists of Justices COHEN, HEDGES and TAFT.

## OPINION

ADELE HEDGES, Justice.

Appellant was indicted for aggravated sexual assault. A jury found appellant not guilty of that offense, but guilty of sexual assault. The trial court, based on appellant's plea of "true" to two felony enhancements and appellant's criminal record, assessed punishment of 40 years imprisonment. We affirm.

## Background

The complainant met appellant at Ben Taub Hospital sometime in September of 1999. A day or two later, appellant went to the complainant's apartment and stayed for approximately one month.

On October 2, 1999, after drinking one or two beers, appellant suddenly jumped on the complainant while she was watching television. According to the complainant, he put a knife to her throat,[1] choked her, and demanded that she remove her clothing. She described the knife as having a blade that was six inches long with a brown handle. She submitted to appellant's demands because she was afraid. Appellant then sexually assaulted her. After the first sexual assault, appellant took the complainant to the bedroom where he assaulted her again. Afterward, he fell asleep. The complainant slipped out of the bedroom, dressed, and went to a corner store to call the police.

At 6:53 a.m., officers Jeffery Butcher and David W. Curry responded to the complainant's call. The officers arrived at the apartment and knocked on the door. No one responded. As the officers were leaving, the complainant waved them down

and told them about the assault. Officer Curry went back to the apartment and knocked on the door. Appellant answered the door in the nude. The officers searched the apartment, but did not find a knife fitting the description the complainant had given them.

In two points of error, appellant argues that the trial court erred by: (1) instructing the jury, at the State's request, on the lesser included offense of sexual assault because there was no evidence to support the lesser offense; and (2) considering prior conviction # 29020 in assessing his punishment because there was no evidence identifying appellant as the named defendant in # 29020.

## Lesser Included Offenses

In his first point of error, appellant argues that the trial court erred by instructing the jury on the lesser included offense of sexual assault.

The State is not entitled to a lesser included offense instruction unless the two prongs of *Rousseau* are established: first, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Arevalo v. State*, 943 S.W.2d 887, 890 (Tex.Crim. App.1997); *Rousseau v. State*, 855 S.W.2d 666, 673 (Tex.Crim.App.1993). Such evidence must be directly germane to a lesser included offense before an instruction is warranted. *Bignall v. State*, 887 S.W.2d 21, 24 (Tex.Crim.App.1994). The mere possibility that only a lesser offense was committed does not amount to evidence of the lesser offense. *Rousseau*, 855 S.W.2d at 674. The trial court's determination

1. The jury did not find appellant used or exhibited a deadly weapon.

whether there is some evidence of a lesser included offense is distinct from the jury's ultimate determination whether the defendant is guilty only of the lesser offense. *Id.* at 672 (citing *Lugo v. State,* 667 S.W.2d 144, 146 (Tex.Crim.App.1984)). Either the defendant or the State is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and whether it is weak, strong, unimpeached, or contradicted. *See id.* It is then the jury's duty to determine whether the evidence is credible and supports the lesser included offense. *Id.*

Sexual assault is a lesser included offense of aggravated sexual assault, and the only distinction between the two charges is the aggravating element that the appellant used or displayed a deadly weapon. *See* TEX. PEN.CODE ANN. § 22.011(a)(1)(A) (Vernon Supp.2001) (sexual assault); *Cf.* TEX. PEN.CODE ANN. § 22.021(a)(1)(B)(iii), (a)(2)(A)(iv) (Vernon Supp.2001) (aggravated sexual assault). Appellant argues that there is no evidence that, if he is guilty, he is guilty only of the lesser offense of sexual assault.

In *Bignall,* the court stated, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense; there must be some evidence directly germane to a lesser included offense for the factfinder to consider before an instruction ... is warranted." *Bignall,* 887 S.W.2d at 24. This record contains such evidence, which resembles items 1–7 on *Bignall's* list of ten links. *See id.* at 23 (clerk testified that defendant pointed a gun but did not always see it, was unsure of many key facts, and 3 officers who apprehended appellant 40 minutes after the crime found no weapon). Unlike *Bignall,* there is not evidence of 3 witnesses, including the defendant, who testified that the defendant did not possess a gun. These 10 *Bignall* links constituted "some

evidence" that no gun was used, thus justifying defendant's lesser included offense instruction. *See id.* at 24. The issue before us is whether this record's evidence will justify the instruction.

■ Here, the complainant testified that appellant held a knife to her throat during the assault. However, when the police searched the apartment they could not find a knife like the one the complainant described. The evidence showed that appellant did not leave the apartment after the assault, he fell asleep on the bed after the assault, and he answered the door in the nude only after the police knocked loudly. Thus, he apparently had no opportunity to dispose of the knife outside the apartment. Therefore, there is an inference that appellant did not use a knife during the assault.

We hold that the record contains some evidence of sexual assault being committed without a knife. Therefore, the jury could have rationally found that appellant sexually assaulted the complainant, while finding that he did not use a knife in the assault. Accordingly, the trial court did not err by instructing the jury on the lesser included offense.

We overrule appellant's first point of error.

**Punishment**

In his second point of error, appellant argues that, because the State did not prove beyond a reasonable doubt that he was the defendant named in conviction # 29020, the trial court improperly considered this prior conviction in assessing his punishment.

The jury found appellant guilty of the lesser included offense of sexual assault. During the punishment phase of trial, appellant pled "true" to two enhancement convictions, one for burglary of a habitation in 1991 and another for aggravated

assault with a deadly weapon in 1996. The State then offered evidence of appellant's additional convictions.

█ Appellant complains specifically of State's exhibit 4, which contained a certified copy of an abstract of judgment from California for conviction # 29020, dated December 11, 1972, for felony assault. He argues that there is no evidence that he is the named defendant in # 29020.

The abstract of judgment in # 29020 lists an October 5, 1964 conviction for assault in Alameda, California as a prior conviction. State's exhibit 4 also contained a certified copy of an abstract of judgment for an October 5, 1964 conviction for a violation of section 245 of the California Penal Code in cause # 36382. This document included fingerprints and photographic data. A police officer testified that the fingerprints in # 36382 matched appellant's fingerprints. Exhibit 5 contained a certified copy of the charging instrument and a certified copy of the abstract of judgment for # 29020.

When the State attempted to admit exhibits 4 and 5, appellant objected to specific portions of the exhibits, namely, any reference to conviction # 29020. Appellant allowed the prior conviction for assault for cause # 36382 stating, "[a]s much paper work as he has about that assault, he can put it in." However, appellant objected to conviction # 29020 because it lacked proper identification. The trial court ruled that exhibits 4 and 5 were to be redacted and that the court would not consider any other cases except the assault.

During closing arguments, both the prosecutor and the defense counsel alluded to the prior convictions in California. Appellant gave his closing first, and stated that, "I believe that there are three other convictions that he's had in the past, felony convictions out of California." In the pros-

ecutor's closing argument, he stated that appellant has "two felony assault cases in California, one in 1964 and one from 1972."

In assessing punishment, the trial court noted that appellant's criminal history spanned over 30 years. He specifically referred to his felony assault case in California in 1972, which is a reference to # 29020. He reasoned that, "[i]t's not like you haven't been in trouble and you show up in court one day and have this horrible offense." Considering the jury's guilty verdict and appellant's criminal record, the trial court assessed punishment of 40 years in prison.

The issue before us is whether the State sufficiently established the identity of appellant as the person previously convicted in # 29020. Conviction # 29020 lists a prior conviction by crime, date, county, state, and punishment on the abstract of judgment, which is identical to # 36382. However, no cause number is listed for the prior conviction. The prior conviction lists the offense as assault. Conviction # 36382 lists a violation of section 245 of the California Penal Code but does not state whether it was an assault. We note that section 245 of the California Penal Code describes the offense of assault. *See* CAL.PENAL CODE § 245 (West 2001). Moreover, the information in # 29020 states that a violation of section 245 is an assault. Therefore, we conclude that the prior conviction of assault listed in # 29020 refers to # 36382 because they are identical in date, county, state, crime, and name. Thus, with the additional evidence that appellant's fingerprints matched those in # 36382, there is sufficient evidence to show that appellant was the named defendant in # 29020.

We overrule appellant's second point of error.

## Conclusion

We affirm the judgment of the trial court.