Opinion issued May 16, 2002












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00521-CR

____________


KENT DESHAWN HANKS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 361st District Court

Brazos County, Texas

Trial Court Cause No. 28,013-361






O P I N I O N

 A jury found appellant, Kent DeShawn Hanks, guilty of aggravated sexual
assault and assessed punishment at 20 years confinement. In his sole issue on appeal,
appellant argues the trial court erred in not submitting an instruction to the jury on the
offense of assault as a lesser included offense.

 We affirm.

Facts and Procedural Background


 On April 27, 2000, appellant, then 15 years old, was an inmate at J.W.
Hamilton, Jr. State School, a facility of the Texas Youth Commission. On that day,
appellant and his co-defendant, Martin Perez, were sent to a cell in the "security"
holding area of the school for disciplinary infractions. Also present in the holding
cell that day were Cecil Leary, Chris Smith, Andrew Williams, Fermin Sinaloa, and
J.L. (the complainant).

 At trial, the complainant testified that, while he was sitting on a bunk in the
holding cell, appellant, who is African-American, said "Let's get these white boys,"
referring to the complainant and Smith. Appellant and some of the other boys, with
the exception of the complainant, then began beating Smith. Appellant then turned
to the complainant, began to pull the complainant's clothing down, and stated
"You're going to suck our dicks." Appellant then turned to the other boys and asked
"Who wants to be first?" Perez volunteered to be first, stepped forward, and began
hitting the complainant very hard in the head. While Perez was hitting the
complainant, appellant threatened him and told him not to tell anyone what happened. 
Perez then put his penis in the complainant's mouth and hit him in the head again. 
The complainant testified that he did not consent to the assault and feared for his life.

 Eventually, a caseworker at the school heard the boys yelling and placed them
in separate cells.

Lesser Included Offense


 In his sole issue, appellant argues the trial court erred in denying his request
for an instruction to the jury on the lesser offense of assault, which appellant contends
was a lesser included offense in this case.

 A defendant has the right to a jury instruction on any defensive issue that is
raised by the evidence. Granger v. State, 3 S.W.3d 36, 38 (Tex. Crim. App. 1999). 
A defendant is entitled to a lesser included offense instruction if (1) proof of the
charged offense includes the proof required to establish the lesser-included offense,
and (2) there is some evidence in the record that would permit a jury to rationally find
that if the defendant is guilty, he is guilty only of the lesser offense. Ferrel v. State,
55 S.W.3d 586, 589 (Tex. Crim. App. 2001); Hampton v. State, 66 S.W.3d 430, 431
(Tex. App.--Houston [1st Dist.] 2001, pet. filed). Such evidence must be directly
germane to a lesser included offense before an instruction is warranted. Bignall v.
State, 887 S.W.2d 21, 24 (Tex. Crim. App. 1994). 

 A person commits the offense of assault if he intentionally, knowingly, or
recklessly causes bodily injury to another. Tex. Pen. Code Ann. § 22.01(a)(1)
(Vernon Supp. 2002). A person commits the offense of aggravated sexual assault if
he intentionally or knowingly causes the penetration of the mouth of another person
with the sexual organ of the actor, without the other person's consent and, by acts or
words, places the victim in fear that death or serious bodily injury will be imminently
inflicted on any person. Id. § 22.01(a)(1)(A)(ii), (a)(2)(A)(ii) (Vernon Supp. 2002). 
In the present case, the indictment and jury charge tracked the statutory language
regarding the offense of aggravated sexual assault, and the jury charge included an
instruction on the law of parties. See id. § 7.02(b) (Vernon 1994). (1) The jury found
appellant guilty of aggravated sexual assault, "as charged in the indictment."

 Appellant argues there was evidence from which the jury could have concluded
he was guilty only of the lesser offense of misdemeanor assault. In support of this
contention, he relies on the following testimony of Sinaloa, elicited during cross-examination:

 Q: The sexual part that the State has asked you about, it's your testimony
under oath that you never saw [Perez] put his mouth on any boy's - I'm
sorry. You never saw another boy that, [the complainant], the white
boy, put his mouth on [Perez's] penis, did you?


 A: No, sir, never did I see that.


 Q: Was there time for that to happen the way it went down?


 A: Well, there was time for it. But as soon as Perez had stood in front of
him, he hit him right away. So I don't believe there was time for him to
actually do anything to him.


 Q: Perez withdrew is what you saw?


 A: Yes, sir.


 Appellant argues, based on this testimony, there was "insufficient time for
Perez to have received oral sex" from the complainant; thus, a rational jury could
have concluded appellant was guilty, as a party, only of the offense of assault. 
However, on direct examination, Sinaloa admitted Perez's back was to him at the time
of the sexual assault described by the complainant. Further, the statute requires only
a single penetration of the mouth of the victim, not for any specific period of time, for
an offense to meet the definition of aggravated sexual assault. Sinaloa admitted there
was sufficient time for such contact to occur. The complainant testified Perez put his
penis in the complainant's mouth, at the urging of the appellant. There was no
controverting testimony; the other witnesses either corroborated the complainant's
version of events or admitted they could not see what happened. The complainant
testified he was beaten during the assault and, based on threats made by appellant,
feared for his life.

 Without deciding whether, under these circumstances, assault was a lesser
included offense of aggravated sexual assault, we conclude no evidence was
presented that would permit a jury to rationally find that if appellant was guilty of an
offense, he was guilty only of the offense of assault. Ferrel, 55 S.W.3d at 589;
Hampton, 66 S.W.3d at 431.

 We overrule appellant's sole issue.

Conclusion


 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Jennings, Radack, and Smith. (2)

Do not publish. Tex. R. App. P. 47.
1. "A person is criminally responsible for an offense committed by the conduct
of another if . . . acting with intent to promote or assist the commission of the
offense, he solicits, encourages, directs, aids, or attempts to aid the other
person to commit the offense . . . ." Id.
2. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.