**Walter HAMPTON, Jr., Appellant,**

v.

**The STATE of Texas.**

**No. 362–02.**

Court of Criminal Appeals of Texas,
En Banc.

July 2, 2003.

438

Shawna L. Reagin, Houston, for appellant.

Bridget Holloway, Assist. DA, Houston, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

JOHNSON, J., delivered the opinion of the Court in which PRICE, WOMACK, KEASLER, HERVEY and COCHRAN, J.J., joined.

Appellant was charged with aggravated sexual assault by an indictment that alleged that appellant caused the penetration of the female organ of the complainant "by the use of physical force and violence" and alleging the aggravating factor of using and exhibiting a deadly weapon, to-wit a knife. The jury instead convicted him of sexual assault, a lesser-included offense which had been submitted to the jury at the state's request and over appellant's objection. Upon appellant's plea of true to two felony enhancement allegations, the trial court sentenced him to 40 years incarceration in prison. The court of appeals affirmed the judgment of conviction and sentence. *Hampton v. State*, 66 S.W.3d 430 (Tex.App.-Houston [1st Dist.] 2001).

We granted appellant's sole ground for review, which challenges the court of appeals' conclusion that the state was enti-

tled to a jury instruction on the lesser-included offense of sexual assault "when there was absolutely no evidence in the record to justify the charge and the court itself declined to provide a single record citation in support of its decision."

The record in this case reflects that the complainant had allowed appellant to move into her residence and reside with her. The complainant testified that they had had consensual sexual intercourse on one occasion several days after appellant moved in. The complainant also testified that this offense occurred several weeks after appellant had moved in.[1] She stated that, on the night of this incident, while they were both watching television, appellant suddenly rushed over and jumped on her, hitting and slapping her, and holding a knife at her neck. She described how appellant ordered her to remove her clothes and dentures and then repeatedly assaulted her sexually. She testified to two vaginal penetrations, oral sex, and attempted anal sex. The complainant stated that she did not fight appellant because she thought that that was the safest thing to do in order to stay alive. She reiterated that she had not wanted to have sex with him at that time nor did she consent to the sex and stated that, during the first vaginal penetration, appellant had brandished a knife and had held it to her throat. She also testified that she had never seen the knife before this incident.

Two police officers, who had arrived in the early morning hours in response to her phone call reporting the incident, "looked around," but did not find the knife. The officers testified that, after speaking with both appellant and complainant, they permitted appellant to leave the scene and offered the complainant a ride to the hospital, which she declined. In contrast, the complainant testified that one of those officers took her to the hospital and drove her home after she had been examined.[2] The state presented evidence from hospital medical personnel that showed various injuries to the complainant's vaginal and anal areas that were consistent with non-consensual sex, prolonged sex, or rough consensual sex.

After the close of evidence, the state requested that the jury charge include instructions on the lesser-included offense of sexual assault. Appellant opposed such inclusion, asserting that there was no evidence that he was guilty only of the lesser-included offense. The trial court granted the state's request and included such an instruction, whereupon the jury found appellant guilty of that lesser-included offense.

On appeal, appellant alleged error in instructing the jury on the lesser-included

---

1. The complainant's testimony was inconsistent throughout as to time. At various times she testified that the appellant had moved in a "month and a half" before the assault, but was also positive that he moved in sometime in the middle of September. The assault occurred on October 3. The complainant testified that the prior consensual sex had been on the second night of appellant's stay and also that it occurred about a week after appellant moved in. She stated that the assault began at 10:00 p.m. and continued until 1:30–2:00 a.m., that she called 911 at 2:30 a.m. and that two officers arrived in one car, one hour later. Two officers testified that they received the call at 6:53 a.m. and arrived in separate cars within one minute.

2. In addition to being inconsistent as to time, complainant described behavior that was physically impossible, e.g.; stating that she had seen the officers talk to appellant in front of the complex office after she had already gone to the hospital; describing her bedroom as being down a hall that was at right angles to the front door, yet being able to see appellant coming out of the bedroom while the complainant was standing outside the apartment.

offense of sexual assault. The court of appeals held that the evidence showed that: 1) the police looked for, but did not find, a knife like the one described by the complainant; and 2) appellant did not leave the apartment after the assault and apparently had no opportunity to dispose of the knife outside the apartment. Therefore, "there is an inference that [he] did not use a knife during the assault." *Hampton, supra,* 66 S.W.3d at 432. It therefore concluded that because the record contained some evidence of sexual assault being committed without a knife, the jury could have rationally found that appellant sexually assaulted the complainant without using a knife in the assault, thus the trial court did not err in instructing the jury on the lesser-included offense. *Id.* Appellant argues in this Court that the trial court and the court of appeals erred in ruling that the state was entitled to the jury charge instruction on the lesser-included offense of sexual assault.

■ We have held that a two-prong test must be met before a jury charge instruction on a lesser-included offense must be given: 1) the lesser-included offense must be included within the proof necessary to establish the offense charged; and 2) some evidence must exist in the record that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 672 (Tex.Crim.App.), *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Both prongs of the test must be met, regardless of whether such an instruction is requested by the defendant or by the state. *Arevalo v. State,* 943 S.W.2d 887 (Tex.Crim.App. 1997).

Appellant concedes that sexual assault is a lesser-included offense of an aggravated sexual assault which alleges the use of a knife as a deadly weapon as the aggravating element. We must therefore deter-mine only whether the second prong was met, specifically, whether there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense, i.e. there must be some evidence from which a jury could rationally acquit the defendant of the greater offense while convicting him of the lesser. *Mathis v. State,* 67 S.W.3d 918, 925 (Tex.Crim. App.2002)("The evidence must establish the lesser included offense as a valid rational alternative to the charged offense."); *Wesbrook v. State,* 29 S.W.3d 103, 113 (Tex.Crim.App.2000), *cert. denied,* 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001).

Appellant argues that the state failed to present testimony or evidence that the knife did not exist or was not used and that the failure to find the knife is not affirmative evidence that no knife was used. He also cites to *Skinner v. State,* 956 S.W.2d 532, 543 (Tex.Crim.App.1997), *cert. denied,* 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998)("It is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense. Rather, there must be some evidence directly germane to a lesser-included offense for the factfinder to consider before an instruction on a lesser-included offense is warranted.")

The state argues that since the knife, which was the aggravating element, was never recovered, the jury's finding of guilt of sexual assault was a valid rational alternative to the charged offense. It was such *"affirmative evidence regarding the 'absence of evidence'* that allowed the jury to infer appellant did not use a knife during the assault." (Emphasis in original.) In support of its position, the state points to testimony that: 1) police searched the apartment where the sexual assault took place but did not find a knife like the one the complainant described; 2) appellant

did not leave the apartment after the assault and answered the door in the nude only after police knocked loudly; and 3) appellant had no opportunity to dispose of the knife outside the apartment. The state asserts that such evidence, regardless of its strength or weakness, provided a sufficient basis for a rational jury to decide that, if appellant was guilty, he was guilty only of the lesser-included offense of sexual assault.

■ We agree with appellant that, in determining whether the second prong has been met, it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser-included offense is warranted. *Skinner v. State,* 956 S.W.2d 532, 543 (Tex. Crim.App.1997), *cert. denied,* 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998).[3]

The record reveals that neither the state nor appellant presented any evidence that a knife was not used during the course of either sexual assault. In fact, the state presented explicit testimony from the complainant that a knife was used during the sexual assault and that the complainant complied with appellant's various sexual demands because of her fear of him, fear that to a large extent resulted from appellant's exhibition of a knife.

■ The failure to find or retrieve a knife matching the description given by the complainant is not affirmative evidence that no knife was used during the assault, nor is the failure to find a knife inconsis-

tent or in conflict with the complainant's direct testimony that a knife was used to facilitate the assault. The complainant testified that a knife was used at the inception of the assault and that her submission to the assaults was induced by the exhibition of a knife. While she did not mention the use of a knife after the initial assault, neither was she questioned about such use. The jury heard testimony that the two responding police officers did not find the described knife after one officer "looked around" and "[did] not remember seeing a knife, other than knives you would commonly find in a kitchen," that appellant answered the door in the nude, and that appellant was left alone in the apartment when the complainant left to call police and then waited outside for their arrival. None of these circumstances contribute to a logical implication that no knife was used in the offense. At best, they leave open the question of what might have been found if a thorough search had been conducted.

The only affirmative evidence adduced at trial that was germane to the issue of whether a knife was used during the course of the assault reflected that a knife was used. From that evidence, we cannot conclude that a rational jury could have determined that a knife was not used during the course of the sexual assault. Accordingly, we hold that the second prong of the test for determining whether a jury charge instruction on the lesser-included offense of sexual assault was warranted was not met, and the trial court erred in submitting such an instruction. Appellant's sole ground for review is sustained.

---

**3.** In some circumstances, lack of evidence may be evidence, e.g. Rules of Evid. 803(7)(Absence of Entry in Records Kept in Accordance with the Provisions of Paragraph 6 (records of regularly conducted activity)) and 803(10)(Absence of Public Record or En-

try). *See generally,* 2 JOHN HENRY WIGMORE, EVIDENCE IN TRIALS AT COMMON LAW, § 664 (Chadbourne rev.1979). Generally, such circumstances involve absence of a document that one would expect to find in the appropriate repository if the document existed.

We reverse the judgment of the court of appeals and remand the cause to that court for a determination of harm pursuant to *Almanza v. State,* 686 S.W.2d 157 (Tex.Crim.App.1985).

KELLER, P.J., filed a dissenting opinion.

HOLCOMB, J., filed a dissenting opinion in which MEYERS, J., joined.

KELLER, P.J., filed a dissenting opinion.

As a matter of federal and state law, a conviction for a lesser offense constitutes an acquittal of the greater offense.[1] So, by convicting appellant of the lesser offense of sexual assault, the jury acquitted him of aggravated sexual assault, and on retrial, the State can prosecute appellant only for sexual assault. Yet that is the very verdict appellant claims he should not have received and the very verdict this Court now determines the State should not have obtained. Because the offense of sexual assault should not have been submitted to the jury, appellant is now subject to a new trial on the offense of sexual assault. This incongruity was created by the Court's decision in *Arevalo v. State,* in which the Court decided that the *Royster/Rousseau* test for determining when a trial court is *required* to submit a lesser-included offense also applied to determine whether a trial court is *permitted* to submit a such an offense.[2] We should take this opportunity to reexamine a precedent that creates such illogical results and then we should overrule *Arevalo.* I respectfully dissent.

HOLCOMB, J., filed a dissenting opinion which was joined by MEYERS, J.

In this case the only issue in contention is whether the police officers' testimony that no knife of the kind described by the complainant could be found at the scene of the offense may constitute evidence which would support a finding that the defendant, if guilty, was guilty only of the lesser included offense of sexual assault. Such testimony was affirmative evidence which supported the State's request for a charge on the lesser-included offense.

In determining whether the trial court properly charged on the lesser included offense, the two prongs of *Rousseau* must be established: (1) the lesser included offense must be included within the proof necessary to establish the offense charged; and (2) some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 673 (Tex. Crim.App.1993) *cert. denied,* 510 U.S. 919, 114 S.Ct. 313, 126 L.Ed.2d 260 (1993). Both parties agree that the first prong of *Rousseau* was met.

As to the second prong, there is a clear distinction between (1) no evidence or absence of evidence in the record and (2) affirmative evidence in the record regarding the absence of evidence. In this case, the evidence showed not only that the knife was never found, but that under the circumstances, if a knife was used during the assault, it would have been in the apartment when the officers searched for it.

The credibility of the evidence and whether it conflicts with other evidence or is controverted may not be considered in

---

**1.** *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957); TEX. CODE CRIM. PROC., Art. 37.14.

**2.** 943 S.W.2d 887, 890 (Tex.Crim.App.1997) (McCormick, P.J. dissenting) and at 892 (Meyers, J. dissenting).

determining whether an instruction on a lesser-included offense should be given. *See Banda v. State*, 890 S.W.2d 42, 60 (Tex.Crim.App.1994). Regardless of its strength or weakness, if any evidence in the record from any source raises the issue that the defendant was guilty only of the lesser offense, then the charge must be given. *See Medina v. State*, 7 S.W.3d 633, 638 (Tex.Crim.App.1999) *cert. denied*, 529 U.S. 1102, 120 S.Ct. 1840, 146 L.Ed.2d 782 (2000) and *Jones v. State*, 984 S.W.2d 254, 257 (Tex.Crim.App.1998) ("any evidence in the record from any source"). Here, the court of appeals effectively found the officers' testimony regarding the knife was "some evidence directly germane" to the lesser included offense. *Skinner v. State*, 956 S.W.2d 532, 543 (Tex.Crim.App.1997), *cert. denied*, 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998).

The court of appeals properly found "some evidence" as opposed to "no evidence" or an "absence of evidence" in the record to support the State's request for a charge on the lesser included offense. Because the majority opinion concludes that the second prong of the test was not met, I must respectfully dissent.