# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-06-00491-CR

---

**Antonio Manuel Martinez, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-06-300447, HONORABLE BOB PERKINS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

A jury found appellant Antonio Manuel Martinez guilty of robbery. *See* Tex. Penal Code Ann. § 29.02 (West 2003). The court assessed his punishment, enhanced by a previous felony conviction, at fifty years' imprisonment. In four points of error, appellant contends that the trial court erred by overruling his motion to suppress evidence, by limiting his cross-examination of the complaining witness, by refusing to instruct the jury on the lesser included offense of assault, and by refusing to grant a mistrial after the State commented on his failure to testify. We will overrule these points and affirm the conviction.

At 2:00 a.m. on February 12, 2006, the complainant, Ketrice Carter, left a Sixth Street night club and began to walk alone to her car, which was parked on Brushy Creek, a street near Interstate 35. Needing to urinate and there being no businesses open, Carter stepped into an alley where she intended to use the shelter of some bushes. Suddenly, she was struck on the head and

knocked to the ground. The assailant, who was wearing a long, leather coat, hit Carter several more times, then pulled her to her feet. He put his arm around her neck and warned her not to scream or "my friend is going to shoot you in the back." Carter testified that she never saw a second person. As the assailant walked Carter to the end of the alley, a police car drove past. Carter managed to free herself and ran toward the police vehicle.

Officer Richard Davis testified that as he drove down Brushy Creek past the alley, he saw a Hispanic male holding a black female; the female appeared to be crying. Unable to turn immediately, Davis radioed another officer, Nathan Scherbeck, who was just then turning into the street. Davis told Scherbeck what he had seen and asked him to investigate. Scherbeck testified that as he approached the couple, the female ran toward him asking for help. Scherbeck said that the woman, Carter, told him that she had been attacked in the alley by a man who had threatened to shoot her. She pointed to the man, who was beginning to walk away quickly. Davis, who had also returned to the scene by this time, called for the man to stop. Carter, Davis, and Scherbeck identified appellant as the man who attacked Carter in the alley and was detained by the officers. Appellant was not arrested that night and was allowed to leave after giving the officers his name and address.

Appellant does not challenge the propriety of his detention at the scene. He also concedes that Davis was permitted to frisk him for weapons following the detention. But, in his first point of error, appellant contends that Davis exceeded the scope of a permissible weapons frisk by seizing the complainant's cell phone that he found in appellant's pocket. Appellant urges that the trial court should have suppressed this evidence. When we review a trial court's ruling on a motion

2

to suppress evidence, we defer to the court's factual determinations but review de novo the court's application of the law to the facts. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).

At the pretrial suppression hearing, Davis described his frisk of appellant as follows:

Q. When you frisked him, did you discover a weapon?

A. I did not.

Q. Did you take anything out of his pockets?

A. I did not.

Q. Did you feel anything in his pockets?

A. I did.

Q. What did you feel?

A. There was two cell phones in one of the pockets of his long black leather coat that he was wearing that night.

Q. And you could feel them, and you knew they were cell phones when you patted him down?

A. Yes, by manipulation of the outer garment.

Q. Did you pull the cell phones out?

A. I did not.

Davis went on to testify that after this frisk, he left appellant under the supervision of a third officer who had arrived and walked to where Scherbeck was questioning Carter. When Carter mentioned that she had lost her cell phone during the incident in the alley, Davis went back to where appellant

3

was standing and asked him for the cell phones that he had in his pocket. Appellant gave Davis the two phones, which the officer showed to Carter. She identified one of the phones as hers.

Appellant testified at the suppression hearing and gave a different version of these events. According to appellant, Davis did not ask him for the phones, but instead reached into his coat pocket and took the phones. Appellant contends that this action exceeded the legitimate scope of a weapons frisk following an investigative detention. Appellant urges that Davis, having previously determined that appellant was not armed, was not authorized to reach inside appellant's jacket pocket and seize the cell phones. *See Minnesota v. Dickerson*, 508 U.S. 366, 377-79 (1993) (holding that officer conducting weapons frisk may seize contraband discovered during frisk, but only if identity of contraband was immediately apparent to officer); *see also Garcia v. State*, 967 S.W.2d 902, 906-07 (Tex. App.—Austin 1998, no pet.) (discussing this "plain feel" exception to Fourth Amendment).

Although the trial court did not make formal findings of fact and conclusions of law, the court clearly did not believe appellant's testimony. When appellant's counsel argued that the officer did not have the right "to come back, reach in, take that phone out," the court responded: "[Davis] didn't come back and reach in. He comes back and says, I need those cell phones so I can take them over to her." Because we must defer to the trial court's findings of fact, appellant's argument fails at this point. We also note that the officer's testimony supports the implicit finding that he immediately recognized the objects in appellant's coat pocket as cell phones. *See Carmouche v. State*, 10 S.W.3d 323, 327-28 (Tex. Crim. App. 2000) (absent formal fact findings, reviewing court must view evidence in light most favorable to trial court's ruling and assume trial court made

4

findings that are supported by record and buttress its conclusion). This distinguishes appellant's case from *Dickerson*, where the officer continued to manipulate the object in the detainee's pocket to determine its identity even though he was satisfied that the object was not a weapon. *See* 508 U.S. at 378. Point of error one is overruled.

Appellant's second point of error is that the trial court abused its discretion by denying him the opportunity to cross-examine the complainant regarding a criminal charge pending against her. A defendant is constitutionally entitled to pursue all avenues of cross-examination reasonably calculated to expose a motive, bias, or interest for the witness to testify. *Carroll v. State*, 916 S.W.2d 494, 497 (Tex. Crim. App. 1996). This includes cross-examination regarding criminal charges pending against a witness and over which those in need of the witness's testimony might be empowered to exercise control. *Id.* at 498.

The record reflects that in July 2006, Carter was arrested while she sat in a parked car that had been reported stolen. Marihuana was found in the car. The matter had been referred to the grand jury for possible indictment for unauthorized use of a motor vehicle. Appellant contends that the trial court violated his Sixth Amendment confrontation right by refusing to allow him to cross-examine Carter regarding this pending charge.

In order to impeach a witness with evidence of a pending criminal action, the proponent must establish that the evidence is relevant. *Carpenter v. State*, 979 S.W.2d 633, 634 (Tex. Crim. App. 1998). Thus, it was appellant's burden to establish a causal connection or a logical relationship between the pending (or potential) unauthorized use charge and the complainant's testimony at his trial. *See id.* at 635. The complainant was arrested after the events for which

5

appellant was on trial, and therefore her accusations against appellant on the night of February 12, 2006, could not have been motivated by a desire to curry favor with the police or prosecutors. Further, appellant does not contend, much less demonstrate, that the complainant's trial testimony differed in any way from her statements to the police on February 12. Appellant has failed to provide any indication that the complainant's potential criminal liability was relevant to show that she had a motive to testify falsely. *See id.* No abuse of discretion is shown. Point of error two is overruled.

Next, appellant contends that the trial court erred by refusing to instruct the jury on the lesser included offense of assault. A lesser included offense instruction must be given only if the lesser offense is included within the proof necessary to establish the charged offense and if there is some evidence that would permit a rational jury to find that the defendant is guilty only of the lesser offense. *Hampton v. State*, 109 S.W.3d 437, 440 (Tex. Crim. App. 2003); *Rousseau v. State*, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993).

There is no dispute that assault was included within the proof necessary to establish the alleged robbery. But the only "evidence" cited by appellant as raising this issue is Davis's testimony that he decided not to arrest appellant at the scene because "[a]t the time, my belief was [a misdemeanor] assault occurred, that's it." The officer's initial assessment of the situation, however, was not evidence tending to show that appellant did not assault Carter in the course of committing theft as alleged in the indictment. It was undisputed at trial that Carter's cell phone was found in appellant's pocket following the assault. We are referred to no evidence suggesting that appellant assaulted the complainant for no purpose other than simply to assault her. No error is shown, and point of error three is overruled.

6

Appellant's last point of error is that the trial court should have declared a mistrial after the prosecutor commented on his failure to testify. To put this contention in context, we note that during his own argument, defense counsel said, "We're not saying [the complainant] wasn't attacked; she was. We're saying that she got it wrong. She misinterpreted what happened, that Tony was helping her. It wasn't him [who committed the assault]." The prosecutor responded to this argument by saying, "What about this Good Samaritan story? Who do we hear from that supports that?" The trial court sustained appellant's objection that this was a comment on his failure to testify and instructed the jury:

> Ladies and gentlemen of the jury, let me state to you that the Court has already informed you in the jury charge that you cannot consider the fact that the defendant did not testify for any purpose at all. The fact is that a defendant has a right to testify if he wishes, and he also has an absolute right not to testify. The fact that he does not testify cannot be considered as a fact or circumstance by you for anything. It cannot be considered for any purpose.

> There are certain things that can be said by State's Counsel and Defense counsel in final argument. But insofar as any statement that has been made by Mr. Pryor, by the State's attorney arguing now, that might in some way go to that particular statement or that implication that the defendant did not testify, I am going to sustain the Defense objection to that. That is really not a proper argument.

> There are other things that they can say, but insofar as any of his remarks that have gone towards that, inviting you to consider that fact, if that would be the inference that somebody could draw, I will sustain the Defense objection and instruct you to disregard that remark by Mr. Pryor.

The court overruled appellant's motion for a mistrial.

Except in the most blatant cases, an instruction to disregard a reference to the defendant's failure to testify will cure any prejudice arising from the comment. *Moore v. State*,

7

999 S.W.2d 385, 405-06 (Tex. Crim. App. 1999). Considering that the prosecutor's remark was at most an indirect reference to appellant's failure to testify and that the trial court strongly admonished the jury to disregard the remark, and in light of the strength of the State's case, we conclude that the trial court did not abuse its discretion by overruling the motion for mistrial. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Point of error four is overruled.

The judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed:   June 11, 2008

Do Not Publish

8