IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0519-07







ANTHONY WASYLINA, Appellant


v.


THE STATE OF TEXAS






ON STATE'S PETITION FOR DISCRETIONARY REVIEW

FROM THE TWELFTH COURT OF APPEALS

ANDERSON COUNTY




 Price, J., filed a concurring opinion.


CONCURRING OPINION


 The appellant was indicted for manslaughter. Over his objection, the trial court
authorized the jury to convict him of the lesser-included offense of criminally negligent
homicide should they acquit him of the manslaughter offense. The jury convicted him of
criminally negligent homicide. On appeal, the appellant argued that the trial court erred to
authorize the jury to convict him of the lesser-included offense because (notwithstanding the
fact that the jury acquitted him of manslaughter) there was no evidence to show he was guilty
only of criminally negligent homicide. The court of appeals agreed and found that the error
was not harmless. (1) The court of appeals then turned to the question of what the proper
remedy should be. Finding that there was no evidence to support a jury finding of what it
called "inattentive risk creation," the court of appeals determined that the proper remedy was
to acquit the appellant of criminally negligent homicide as well. (2) In the course of arriving
at this holding, the court of appeals distinguished this Court's opinion in Hampton v. State,
165 S.W.3d 691 (Tex. Crim. App. 2005). (3) We granted discretionary review in order to
determine whether this was the appropriate remedy in view of Hampton. (4)

 In Hampton, the appellant was indicted for aggravated sexual assault. Against his
wishes, the trial court submitted a lesser-included offense instruction for the offense of
sexual assault, and the jury convicted him of this lesser-included offense. The court of
appeals initially held that the jury instruction was justified, (5) finding that there was evidence
in the record to support a rational jury finding that the appellant committed the sexual assault
without using a knife. This Court reversed, however, holding that the record in fact provided
no rational basis for the jury to find a knife was not used, and that the evidence therefore
failed to support the lesser-included offense instruction. (6) On remand for a harm analysis, the
court of appeals found harm and ordered a new trial on the lesser-included offense of sexual
assault. (7) We granted discretionary review a second time to examine the appropriateness of
the remedy, and this time we affirmed the court of appeals's holding. (8) We observed that the
test for determining whether a lesser-included offense instruction should be submitted is
different from the test for determining sufficiency of the evidence. (9) Just because the
evidence at Hampton's trial had not shown he was guilty only of the lesser-included offense
of sexual assault, so as to justify submitting that instruction to the jury, did not mean that the
evidence was legally insufficient to prove at least sexual assault. (10) And because the evidence
had been legally sufficient to support a conviction for sexual assault, we held, there was no
jeopardy bar to prosecuting the appellant a second time for that offense. (11)

 Hampton is not on all fours with the instant case. Sexual assault is a lesser-included
offense of aggravated sexual assault by virtue of Article 37.09(1) of the Code of Criminal
Procedure. (12) Criminally negligent homicide is a lesser-included offense of manslaughter by
virtue of Article 37.09(3). (13) Still, proof of manslaughter should suffice to prove criminally
negligent homicide, inasmuch as "[p]roof of a higher degree of culpability than that charged
constitutes proof of the culpability charged[,]" (14) and recklessness is statutorily defined as a
higher degree of culpability than criminal negligence. (15) Under these provisions, if the
evidence is legally sufficient to prove recklessness, it will also suffice to prove criminal
negligence, if only "artificially." (16) Just because the appellant's jury acquitted him of a
reckless homicide does not necessarily mean the evidence was legally insufficient to support
such a verdict; it may only mean that the appellant's particular jury had a higher threshold
of reasonable doubt than other, equally rational juries may have had. (17) As the court of
appeals's opinion illustrates, the evidence in this case was legally sufficient to justify a
conviction for manslaughter. (18) That the appellant's jury acquitted him of manslaughter
means, of course, that he cannot be retried for that offense. But the court of appeals erred
to conclude that he cannot be re-prosecuted for the lesser-included offense of criminally
negligent homicide because of a lack of evidence to support such a conviction. The evidence
is sufficient by virtue of Section 6.02(e) of the Penal Code. I therefore join the Court's
opinion.


Filed: January 28, 2009

Publish
1. Wasylina v. State, ___ S.W.3d ___ (Tex. App.--Tyler, No. 12-05-00263-CR, 2007 WL
677778, delivered March 7, 2007).
2. Id., slip op. at 4, 9-10.
3. Id., slip op. at 9.
4. We did not grant discretionary review to examine the court of appeals's holding that the
lesser-included offense instruction was submitted erroneously. I therefore decline to reach the
question that Judge Johnson has addressed in her separate opinion.
5. Hampton v. State, 66 S.W.3d 430 (Tex. App.--Houston [1st] 2001).
6. Hampton v. State, 109 S.W.3d 437 (Tex. Crim. App. 2003).
7. Hampton v. State, (Tex. App.--Houston [1st], No. 01-00-00798, 2003 WL 22413968,
delivered Oct. 23, 2003) (not designated for publication).
8. Hampton v. State, 165 S.W.3d 691 (Tex. Crim. App. 2005).
9. Id. at 693-94.
10. Id. at 694.
11. Id.
12. See Tex. Code Crim. Proc. art. 37.09(1) ("An offense is a lesser included offense if . . . it
is established by proof of the same or less than all the facts required to establish the commission of
the offense charged[.]").
13. See Tex. Code Crim. Proc. art. 37.09(3) ("An offense is a lesser included offense if . . . it
differs from the offense charged only in the respect that a less culpable mental state suffices to
establish its commision[.]").
14. Tex. Penal Code § 6.02(e).
15. Tex. Penal Code § 6.02(d).
16. See Saunders v. State, 913 S.W.2d 564, 572 (Tex. Crim. App. 1995).
17. Cf. Castillo v. State, 913 S.W.2d 529, 533 (Tex. Crim. App. 1995) (plurality opinion) (jurors
need not always vote to convict on the basis of legally sufficient evidence, as one juror's threshold
for reasonable doubt may legitimately be higher than another's); Garrett v. State, 851 S.W.2d 853,
859 (Tex. Crim. App. 1993) ("A particular juror's understanding of proof beyond a reasonable doubt
may lead him to require more than the legal threshold of sufficient evidence to answer the second
special issue affirmatively."). 
18. Wasylina v. State, supra, slip op. at 5-7.