

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0519-07

**ANTHONY WASYLINA, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE TWELFTH COURT OF APPEALS ANDERSON COUNTY

**PRICE, J.,** filed a concurring opinion.

## CONCURRING OPINION

The appellant was indicted for manslaughter. Over his objection, the trial court authorized the jury to convict him of the lesser-included offense of criminally negligent homicide should they acquit him of the manslaughter offense. The jury convicted him of criminally negligent homicide. On appeal, the appellant argued that the trial court erred to authorize the jury to convict him of the lesser-included offense because (notwithstanding the

fact that the jury acquitted him of manslaughter) there was no evidence to show he was guilty *only* of criminally negligent homicide. The court of appeals agreed and found that the error was not harmless.[1] The court of appeals then turned to the question of what the proper remedy should be. Finding that there was no evidence to support a jury finding of what it called "inattentive risk creation," the court of appeals determined that the proper remedy was to acquit the appellant of criminally negligent homicide as well.[2] In the course of arriving at this holding, the court of appeals distinguished this Court's opinion in *Hampton v. State*, 165 S.W.3d 691 (Tex. Crim. App. 2005).[3] We granted discretionary review in order to determine whether this was the appropriate remedy in view of *Hampton*.[4]

In *Hampton*, the appellant was indicted for aggravated sexual assault. Against his wishes, the trial court submitted a lesser-included offense instruction for the offense of sexual assault, and the jury convicted him of this lesser-included offense. The court of appeals initially held that the jury instruction was justified,[5] finding that there was evidence

---

[1] *Wasylina v. State*, ___ S.W.3d ___ (Tex. App.—Tyler, No. 12-05-00263-CR, 2007 WL 677778, delivered March 7, 2007).

[2] *Id.*, slip op. at 4, 9-10.

[3] *Id.*, slip op. at 9.

[4] We did *not* grant discretionary review to examine the court of appeals's holding that the lesser-included offense instruction was submitted erroneously. I therefore decline to reach the question that Judge Johnson has addressed in her separate opinion.

[5] *Hampton v. State*, 66 S.W.3d 430 (Tex. App.—Houston [1st] 2001).

in the record to support a rational jury finding that the appellant committed the sexual assault without using a knife. This Court reversed, however, holding that the record in fact provided no rational basis for the jury to find a knife was not used, and that the evidence therefore failed to support the lesser-included offense instruction.[6] On remand for a harm analysis, the court of appeals found harm and ordered a new trial on the lesser-included offense of sexual assault.[7] We granted discretionary review a second time to examine the appropriateness of the remedy, and this time we affirmed the court of appeals's holding.[8] We observed that the test for determining whether a lesser-included offense instruction should be submitted is different from the test for determining sufficiency of the evidence.[9] Just because the evidence at Hampton's trial had not shown he was guilty *only* of the lesser-included offense of sexual assault, so as to justify submitting that instruction to the jury, did not mean that the evidence was legally insufficient to prove *at least* sexual assault.[10] And because the evidence had been legally sufficient to support a conviction for sexual assault, we held, there was no

---

[6] *Hampton v. State*, 109 S.W.3d 437 (Tex. Crim. App. 2003).

[7] *Hampton v. State*, (Tex. App.—Houston [1ˢᵗ], No. 01-00-00798, 2003 WL 22413968, delivered Oct. 23, 2003) (not designated for publication).

[8] *Hampton v. State*, 165 S.W.3d 691 (Tex. Crim. App. 2005).

[9] *Id*. at 693-94.

[10] *Id*. at 694.

jeopardy bar to prosecuting the appellant a second time for that offense.[11]

*Hampton* is not on all fours with the instant case. Sexual assault is a lesser-included offense of aggravated sexual assault by virtue of Article 37.09(1) of the Code of Criminal Procedure.[12] Criminally negligent homicide is a lesser-included offense of manslaughter by virtue of Article 37.09(3).[13] Still, proof of manslaughter should suffice to prove criminally negligent homicide, inasmuch as "[p]roof of a higher degree of culpability than that charged constitutes proof of the culpability charged[,]"[14] and recklessness is statutorily defined as a higher degree of culpability than criminal negligence.[15] Under these provisions, if the evidence is legally sufficient to prove recklessness, it will also suffice to prove criminal negligence, if only "artificially."[16] Just because the appellant's jury acquitted him of a reckless homicide does not necessarily mean the evidence was legally insufficient to support

---

[11] *Id.*

[12] *See* TEX. CODE CRIM. PROC. art. 37.09(1) ("An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]").

[13] *See* TEX. CODE CRIM. PROC. art. 37.09(3) ("An offense is a lesser included offense if . . . it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commision[.]").

[14] TEX. PENAL CODE § 6.02(e).

[15] TEX. PENAL CODE § 6.02(d).

[16] *See Saunders v. State*, 913 S.W.2d 564, 572 (Tex. Crim. App. 1995).

such a verdict; it may only mean that the appellant's particular jury had a higher threshold of reasonable doubt than other, equally rational juries may have had.[17] As the court of appeals's opinion illustrates, the evidence in this case was legally sufficient to justify a conviction for manslaughter.[18] That the appellant's jury acquitted him of manslaughter means, of course, that he cannot be retried for that offense. But the court of appeals erred to conclude that he cannot be re-prosecuted for the lesser-included offense of criminally negligent homicide because of a lack of evidence to support such a conviction. The evidence is sufficient by virtue of Section 6.02(e) of the Penal Code. I therefore join the Court's opinion.

Filed:            January 28, 2009
Publish

---

[17] *Cf. Castillo v. State*, 913 S.W.2d 529, 533 (Tex. Crim. App. 1995) (plurality opinion) (jurors need not always vote to convict on the basis of legally sufficient evidence, as one juror's threshold for reasonable doubt may legitimately be higher than another's); *Garrett v. State*, 851 S.W.2d 853, 859 (Tex. Crim. App. 1993) ("A particular juror's understanding of proof beyond a reasonable doubt may lead him to require more than the legal threshold of sufficient evidence to answer the second special issue affirmatively.").

[18] *Wasylina v. State*, *supra*, slip op. at 5-7.