Opinion issued July 23, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00397-CR




KENRIC LAVAUGH JACKSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1104003



 
MEMORANDUM OPINION
          A jury convicted appellant, Kenric Lavaugh Jackson, of robbery, and after
appellant pled true to two enhancements alleging prior convictions for robbery, the
trial court sentenced him to life imprisonment. In one issue, appellant contends the
trial court erred by failing to instruct the jury on the lesser-included offense of assault.
          We affirm.
Background
          In the early morning hours of January 26, 2007, appellant went to the apartment
of Dana Reese, who was then his girlfriend. When they awoke, Reese was upset with
appellant for staying out late. She refused appellant’s advances, and when appellant
persisted, she slapped or pushed him away. Reese went to the kitchen to make coffee. 
Within minutes, appellant entered the kitchen and told Reese never to put her hands
on him. He began choking her with his hands and arm, and he dragged her into the
living room. Reese testified that appellant choked her so hard that she felt weak, as
if she would faint. Reese testified that appellant gagged her with his work vest and
bound her wrists and her ankles with telephone or electrical cords. Reese testified
that her hands and feet went numb and she lost feeling in her fingers. Reese said that
appellant left her in a darkened bathroom, with the door closed, while he ransacked
her apartment. He came into the bathroom twice to taunt her, laughing and asking if
she was hungry and, later, kissing her cheek and telling her that he would return. 
Reese heard him drive away in her car.
          After waiting a few moments to make sure appellant would not return, Reese
made her way, still bound and gagged, from the bathroom to the front door of the
apartment, where she banged her shoulder against the locked door, hoping to get
someone’s attention. When a neighbor heard the banging and asked if she was okay,
Reese replied, “Help me.” The neighbor asked the apartment manager to help. The
apartment manager opened the door with a key and discovered Reese. The apartment
manager sent her assistant to get a camera, took pictures of Reese, and cut the cords,
freeing her. 
          Reese called the police immediately. She noticed that appellant had taken her
computer, a DVD player, and her son’s video game system and games. Reese waited
in her mother’s apartment, which was in the same complex. She made a police report
and later obtained a restraining order against appellant.
          Appellant testified that he had been living with Reese for about a month before
the alleged robbery. He testified that they had a stormy relationship and that Reese
was sometimes physically violent. Although he admitted pestering her in the morning
and telling her not to hit his face, he said he left the apartment. He repeatedly denied
assaulting Reese or taking anything from the apartment, except for Reese’s car keys. 
Appellant testified that he had his own set of keys to Reese’s car, but he preferred her
set because it had the car alarm.
          Appellant testified that he never choked, hit, bound, gagged, dragged, or
injured Reese. He denied leaving her in the bathroom.
          Q.      [Defense attorney] All right. Did you ever choke Dana Reese?
          A.      Never in my life.
          Q.      Did you steal her property?
          A.      No, I did not.
          Q.      Did you assault her in any way?
          A.      No, I did not.
          On cross-examination, he again denied any wrongdoing.
          Q.      [Prosecutor] Okay. But what happens next, where she states to us that
you begin to choke her, that didn’t happen?
 
          A.      It never happened, never in my life. I never hit her.
Appellant later testified that Reese was lying about everything. Finally, he testified
that he did nothing to Reese, “I did not touch her at all.”
Lesser-Included Offense
          “When reviewing charge errors, an appellate court must undertake a two-step
review: first, the court must determine whether error actually exists in the charge, and
second, the court must determine whether sufficient harm resulted from the error to
require reversal.” Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). 
We use a two-pronged test to determine whether a defendant is entitled to an
instruction on a lesser-included offense. See Guzman v. State, 188 S.W.3d 185, 188
(Tex. Crim. App. 2006); Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App.
2005). The first step is to determine whether an offense is a lesser-included offense
of the alleged offense. Hall v. State, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007);
Salinas, 163 S.W.3d at 741. This determination is a question of law and does not
depend on the evidence to be produced at the trial. Hall, 225 S.W.3d at 535; see Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). Assault is a lesser-included
offense of robbery, therefore, the first prong of the test is met. See Tex. Penal Code
Ann. §§ 22.01(a), 29.02(a) (Vernon 2008 & 2003); Hall, 225 S.W.2d at 533. 
          The second step is to determine if there is some evidence that would permit a
rational jury to find that the defendant is guilty of the lesser offense but not guilty of
the greater. Id. at 536; Salinas, 163 S.W.3d at 741; Feldman v. State, 71 S.W.3d 738,
750 (Tex. Crim. App. 2002). Anything more than a scintilla of evidence may be
sufficient to entitle a defendant to a charge on the lesser offense. Hall, 225 S.W.3d
at 536. “[I]t is not enough that the jury may disbelieve crucial evidence pertaining
to the greater offense, but rather, there must be some evidence directly germane to the
lesser-included offense for the finder of fact to consider before an instruction on a
lesser-included offense is warranted.” Hampton v. State, 109 S.W.3d 437, 441 (Tex.
Crim. App. 2003). We review all evidence presented at trial to make this
determination. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If
the evidence raises the issue of a lesser-included offense, a jury charge must be given
based on that evidence, “whether produced by the State or the defendant and whether
it be strong, weak, unimpeached, or contradicted.” Id. at 672 (quoting Bell v. State,
693 S.W.2d 434, 442 (Tex. Crim. App. 1985)).
          Because assault is a lesser-included offense of robbery, appellant would be
entitled to a jury instruction only if there is some evidence that would permit a
rational jury to find that appellant is guilty of assault but not guilty of robbery. See
Hall, 225 S.W.3d at 536; Salinas, 163 S.W.3d at 741; Feldman, 71 S.W.3d at 750. 
In light of appellant’s emphatic and categorical denial of any wrongdoing, in
particular his repeated denials of assaulting Reese, we hold that there is no evidence
to permit a rational jury to conclude that appellant was guilty only of assault and not
of robbery. We overrule appellant’s sole issue.
 
 
 
 
 
Conclusion
          We affirm the judgment of the trial court.
 
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Chief Justice Radack and Justices Sharp and Taft.




Do not publish. Tex. R. App. P. 47.2(b).