Affirmed and Memorandum Opinion filed April 12, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00261-CR



 

ANTONIO MORALES, Appellant

V.

THE STATE OF TEXAS, Appellee

 



On Appeal from the 232nd
District Court 

Harris County, Texas

Trial Court Cause No. 1211609



 

MEMORANDUM OPINION

            A jury
convicted appellant, Antonio Morales, of aggravated robbery-deadly weapon and
sentenced him to fifteen years’ confinement.  In a single issue, appellant
contends the trial court erred by denying his request for submission of a lesser-included
offense in the jury charge.  We affirm.

Background

            In April
2009, the complainant and his uncle were conversing while standing in an
apartment parking lot.  While they spoke, appellant and another man parked
nearby and exited their vehicle.  The complainant testified the other man held
a “grayish” gun.  Appellant and the other man demanded that the complainant and
his uncle surrender their money.  After misappropriating several items,
appellant said, “Shoot [them].”  However, appellant and the other man returned
to their vehicle and drove away.  The complainant and his uncle contacted the
police.  Shortly thereafter, police officers arrested appellant but were unable
to apprehend the other man.  The officers did not find a gun on appellant or in
his vehicle.

Lesser-Included Offense

            In his sole
issue, appellant contends the trial court erred by denying his request for an
instruction on the lesser-included offense of simple robbery.  

A.   Standard of
Review and Applicable Law

            We review the
trial court’s decision regarding submission of a lesser-included-offense charge
for abuse of discretion.  Jackson v. State, 160 S.W.3d 568, 575 (Tex.
Crim. App. 2005).  In making this determination, we review all of the evidence
presented at trial and consider whether any evidence exists in the record that
would permit a rational jury to find that the defendant is guilty of only the
lesser-included offense.  King v. State, 17 S.W.3d 7, 21 (Tex. App.¾Houston [14th Dist.] 2000, pet.
ref’d).  Anything more than a scintilla of evidence is sufficient to entitle a
defendant to an instruction on the lesser-included offense.  Dobbins v.
State, 228 S.W.3d 761, 768 (Tex. App.¾Houston [14th Dist.] 2007, pet. dism’d, untimely filed).  It
is not enough for the jury to disbelieve evidence pertaining to the greater
offense; there must be some evidence directly germane to the lesser-included
offense for the fact-finder to consider before an instruction on the
lesser-included offense is warranted.  Id.

            An offense is
a lesser-included offense if “it is established by proof of the same or less
than all the facts required to establish the commission of the offense
charged.”  Tex. Code Crim. Proc. Ann. art. 37.09 (West 2006).  A defendant is
entitled to a jury instruction on a lesser-included offense under article 37.09
if (1) the elements of the lesser offense are contained within the proof
necessary to establish the charged offense as pleaded in the State’s
indictment, and (2) the record contains some evidence by which a jury
rationally could conclude that if the defendant is guilty, he is guilty of only
the lesser offense and not the greater one.  Hernandez v. State, 171
S.W.3d 347, 351 (Tex. App.—Houston [14th Dist.] 2005, pet. ref’d).

B.   Analysis

            The parties
agree that simple robbery is a lesser-included offense of aggravated robbery-deadly
weapon.  The elements of these offenses are the same except aggravated
robbery-deadly weapon requires a finding that the defendant used or exhibited a
deadly weapon. See Tex. Penal Code Ann. §§ 29.02, 29.03 (West 2003).  Thus,
we must determine whether there was some evidence presented from which a
rational jury could find appellant guilty of simple robbery but not guilty of
aggravated robbery.  See Hernandez, 171 S.W.3d at 351.

Appellant
argues he was entitled to an instruction on simple robbery because the
complainant and his uncle testified they are not familiar with guns, were
unable to see the gun well, and did not know the type of gun used.  Further,
the complainant’s uncle conceded he does not know for certain whether the gun
was real.  Based on this testimony, appellant contends the jury could have
found the State did not prove beyond a reasonable doubt that a real gun was
used and, thus, convicted appellant of the lesser-included offense of simple
robbery.

            When, as in
this case, a witness concedes the possibility that a gun could have been a BB
gun or a toy gun, the concession is regarded as impeachment evidence.  See
Wilhoit v. State, 638 S.W.2d 489, 499 (Tex. Crim. App. 1982) (holding that officer’s
testimony the complainant told him she believed the gun was “most likely . . . a
toy type gun” operated as impeachment evidence but did not entitle defendant to
charge on lesser-include offense).  However, the testimony does not operate as
direct, substantive evidence of a lesser-included offense
that a deadly weapon was not involved in the robbery.  See id. at 499; see
also Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. App.
2003) (concluding State’s failure to recover knife was not affirmative evidence
supporting contention no knife was used).  The
complainant’s and his uncle’s testimony that they were unfamiliar with guns
and unsure of the type of gun used or whether it was real operated as
impeachment evidence but not as direct, substantive evidence that the gun was
not real.  Absent affirmative evidence negating a real gun was used, the jury
could not have convicted appellant of the lesser offense.  Accordingly, the
trial court did not err by denying appellant’s request for an instruction on the
lesser-included offense of simple robbery.  See Dobbins, 228 S.W.3d at
769–70 (“Because there is no affirmative evidence in the record that would have
permitted a rational jury to find that appellant was guilty only of simple
assault, the trial court did not abuse its discretion in refusing to submit the
lesser included offense.”). 

Appellant’s
sole issue is overruled and the trial court’s judgment affirmed.

                                                                        

 

                                                                                    

                                                                        /s/        Charles
W. Seymore

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore,
Boyce, and Christopher

 

Do Not Publish — Tex. R. App. P. 47.2(b).