Affirmed and Memorandum Opinion filed August 11, 2009








Affirmed
and Memorandum Opinion filed August 11, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-08-00662-CR

_______________

 

MICHAEL E. CARTER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 1171837 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant
Michael E. Carter challenges his conviction for felony driving while
intoxicated on the grounds that (1) his right to a unanimous jury was violated
because the jury charge alleged multiple methods of intoxication, and (2) he
was harmed by the trial court=s failure to include in the jury charge the lesser-included
offense of misdemeanor driving while intoxicated.  We affirm.

 








I.  Background

On
December 30, 2006, Houston Police Department Officer Farokh Deyhim stopped
appellant for driving with an expired inspection sticker.  As Deyhim approached
appellant=s vehicle, he saw empty beer cans and an open bottle of a Acheap malt liquor@ on the backseat floorboard.  Deyhim
also saw what he believed to be a crack cocaine pipe resting on the divider
between the driver and passenger seat of appellant=s car.[1] 
Deyhim smelled a strong odor of beer emanating from appellant=s car; appellant spoke in a slurred
manner and smelled of alcohol.  Deyhim requested that appellant get out of the
car.  Deyhim saw a Afresh stain of urine around the crotch area@ of appellant=s pants.  When Deyhim asked appellant
if he had been drinking, appellant replied that he had drunk three beers
earlier in the day.  Appellant became belligerent when Deyhim initiated
sobriety testing; Deyhim was unable to complete any field sobriety testing
because of appellant=s lack of cooperation.  Deyhim arrested appellant and
transported him to the station for an intoxilyzer test.  At the station,
appellant refused to provide a breath specimen.  

As is
relevant to this appeal,[2] appellant was
indicted for driving while intoxicated (ADWI@) by the following means:  (a)
introduction of alcohol into his body, (b) introduction of an unknown drug into
his body, (c) introduction of an unknown controlled substance into his body,
(d) introduction of alcohol and an unknown drug into his body, or (e)
introduction of alcohol and an unknown controlled substance into his body.[3] 
Two prior DWI convictions were alleged: one on November 14, 1986 and another on
January 10, 1985. 








At his
trial, in addition to the facts surrounding his arrest detailed above, the
State introduced certified copies of judgments and sentences from two prior DWI
convictions.  Harris County Sheriff=s Department Deputy Sheri Grounds
testified that she compared appellant=s fingerprints to those on the
November 14, 1986 judgment and sentence and concluded they were made by the
same person.  The January 10, 1985 judgment and sentence did not contain
fingerprints.  Grounds testified that the Aspin number@ from both judgments and sentences
matched, and that this number is a unique tracking number assigned to each
individual when he or she is booked into the Harris County jail.  In addition,
both judgments and sentences reflect the same date of birth, and appellant=s full name is included on the
January 1985 judgment and sentence.

Appellant
also testified and admitted that he had consumed alcohol and the prescription
medications hydrocodone and naproxen on the day of his arrest.  When questioned
about his prior convictions, he stated, AWell, I had, >em, D.W.I. in >85 and - - >85.  I had a - -I had a possession,
possession of controlled substance.@  He clarified that he had two prior
convictions for possession of controlled substances.

After
both sides rested and closed, the trial court instructed the jury that it
should find appellant guilty of DWI if it found beyond a reasonable doubt that
appellant operated a motor vehicle in a public place while intoxicated by:

(1)       not having the normal use of his mental or physical faculties
by the introduction of alcohol into his body;

(2)       not having the normal use of his mental or physical faculties
by the introduction of an unknown drug into his body; 

(3)       not having the normal use of his mental or physical faculties
by the introduction of an unknown controlled substance into his body; or 

(4)       not having the normal use of his mental or physical faculties
by the introduction of a combination of an unknown drug and alcohol into his
body.  








The jury also was
instructed that if it concluded beyond a reasonable doubt that appellant had
previously been twice convicted of DWI, then it should find him guilty of DWI Athird offender, as charged in the
indictment.@  The jury returned a guilty verdict; appellant pleaded Atrue@ to two enhancement paragraphs, and
the jury sentenced him to forty years= confinement in the Texas Department
of Criminal Justice, Institutional Division.  The trial court entered judgment
on the jury=s verdict, and this appeal timely ensued.

II.  Issues and Analysis

A.        Standard of Review - Charge
Error 

When
reviewing allegations of charge error, an appellate court must first determine
whether error actually exists in the charge.  Ngo v. State, 175 S.W.3d
738, 743 (Tex. Crim. App. 2005) (en banc).  If error is found, the court must
determine whether it caused sufficient harm to require reversal.  Id. at
744.  The degree of harm required for reversal depends on whether the error was
preserved.  Arline v. State, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986)
(en banc).  If no proper objection was made at trial, the error requires
reversal only if it is so egregious and created such harm that the appellant
has not had a fair and impartial trial.  Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1984) (en banc) (op. on reh=g).  When there has been a timely
objection to an improper jury charge, the error requires reversal unless it is
harmless.  Id.  Here, appellant did not object to the jury charge
submitted.

B.        Jury Unanimity

In his
first issue, appellant asserts that his right to a unanimous verdict was
violated because the charge authorized the jury to convict him based on
multiple methods of intoxication.  As noted above, the jury charge authorized
the jury to convict appellant of DWI if it concluded he was operating a motor
vehicle while intoxicated by alcohol, an unknown drug, an unknown controlled
substance, or the combination of alcohol and an unknown drug.








Texas
law provides that it is a criminal offense to operate a motor vehicle in a
public place while intoxicated.  Tex.
Penal Code Ann. ' 49.04(a) (Vernon 2003).  In turn, as is relevant here,
intoxication is defined as Anot having the normal use of [one=s] mental or physical faculties by
reason of the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or any other
substance into the body.@  Id. ' 49.01(2)(A).  A[T]he substance that causes
intoxication is not an element of the offense,@ but instead is Aan evidentiary matter.@  Gray v. State, 152 S.W.3d
125, 132 (Tex. Crim. App. 2004); see also State v. Barbernell, 257
S.W.3d 248, 254 (Tex. Crim. App. 2008); Fulenwider v. State, 176 S.W.3d
290, 298B99 (Tex. App.CHouston [1st Dist.] 2004 pet. ref=d) (concluding there was no error in
jury charge when defendant was alleged to be intoxicated by any of four
separate means).  A jury may properly return a general verdict of guilty when
alternate theories of committing the same offense are submitted to the jury in
the disjunctive.  Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim.
App. 1991).

Because
appellant was charged with a single offense of DWI, the trial court did not err
by charging the jury on alternate means of intoxication.  See Fulenwider,
176 S.W.3d at 299.  The jury was not required to return a verdict indicating
which intoxicant or combination of intoxicants caused appellant=s intoxication.  Thus, there is no
error in the charge and appellant=s right to a unanimous verdict was
not violated.  See id.  We overrule appellant=s first issue.

C.        Lesser-Included Offense

In his
second issue, appellant asserts that he was harmed because the trial court
stated it would include the lesser-included offense of misdemeanor DWI in the
jury charge, but failed to do so.[4]  As noted
above, appellant did not object to the charge submitted to the jury.








We
employ a two‑part test to determine whether a charge on a lesser‑included
offense was required.  Feldman v. State, 71 S.W.3d 738, 750 (Tex. Crim.
App. 2002).  First, we must decide whether the offense is actually a lesser‑included
offense of the offense charged.  Id. Second, we must conclude there is
some evidence in the record that would permit a rational jury to find the
defendant guilty only of the lesser offense.  Id.   Here, it is undisputed
that a Class A misdemeanor DWI is a lesser-included offense of felony DWI;
thus, we focus our analysis on the second factor. 

DWI is a
third-degree felony offense if, as is relevant here, it is shown at trial that
the person previously has been twice convicted of DWI.  See Tex. Penal Code Ann. ' 49.09(b)(2) (Vernon Supp.
2008).  To prove a prior conviction of an offense, the State must establish
beyond a reasonable doubt that a prior conviction exists and the defendant is
linked to that conviction.  Flowers v. State, 220 S.W.3d 919, 921 (Tex.
Crim. App. 2007).  AWhile evidence of a certified copy of a final judgment and
sentence may be a preferred and convenient means, the State may prove both of
these elements in a number of different ways. . . .@  Id. at 921B22.  At appellant=s trial, certified copies of
judgments and sentences from two prior DWI convictions linked to appellant were
entered into evidence.  See id. 








A lesser‑included-offense
instruction is not required solely because Athe jury may disbelieve crucial
evidence pertaining to the greater offense, but rather, there must be some
evidence directly germane to the lesser‑included offense for the finder
of fact to consider before an instruction on a lesser‑included offense is
warranted.@  Hampton v. State, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003) (en
banc) (citing Skinner v. State, 956 S.W.2d 532, 543 (Tex. Crim. App.
1997)).   Appellant has provided no argument or authority that these certified
copies of judgments and sentences were inadequate to establish his prior
convictions beyond a reasonable doubt.

            Under these
circumstances, we conclude that there is no evidence from which a jury could
rationally conclude that, if appellant was guilty, he was only guilty of the
lesser offense.  See Ferrel v. State, 55 S.W.3d 586, 589 (Tex. Crim.
App. 2001).  Thus, the trial court did not err in failing to include the
lesser-included-offense instruction in the jury charge.  We overrule appellant=s second issue.

III.  Conclusion

Having
overruled both of appellant=s issues, we affirm the trial court=s judgment.

 

 

 

/s/        Eva M. Guzman

Justice

 

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  An unidentified female was a passenger in appellant=s vehicle.





[2]  Appellant also was indicted for possession of a
controlled substance, but the jury found him Anot guilty@ of this offense. 





[3]  Appellant was originally indicted on February 21,
2007 for felony driving while intoxicated by the introduction of alcohol into
his body.  The State amended the indictment on June 20, 2008  to include the
alternate means of intoxication.





[4]  The following colloquy occurred during the charge
conference:

The Court:         You want a lesser on a Class A?

[Appellant]:        I=ll take the lesser of a D.W.I.

The Court:         I need a lesser on Class A too.

DWI is a Class A misdemeanor offense when it is shown
at trial that the offender has been previously convicted of DWI once.  Tex. Penal Code Ann. ' 49.09(a) (Vernon Supp. 2008).   In this case, the
charge does not contain any lesser-included-offense instructions.