NO









NO. 12-09-00186-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

JERRY LEE GUTH,

APPELLANT                                                     '     APPEAL
FROM THE 241ST

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     SMITH
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

            Jerry
Lee Guth appeals from his conviction for sexual assault.  In one issue,
Appellant argues that the trial court erred by failing to give a lesser
included offense instruction he requested.  We affirm.

 

Background

            Appellant
sexually assaulted a young boy in his bedroom sometime in 2007 or 2008.  The
boy did not report the assault for several months.  When he did make a report,
the police interviewed Appellant.  Appellant denied that the boy had been in
his home but eventually admitted that he had consensual sex with the boy.  

            A
Smith County grand jury indicted Appellant for the felony offense of aggravated
sexual assault.[1] 
In the indictment, the grand jury alleged that Appellant penetrated the anus of
the child with his sexual organ when the child was younger than fourteen years
of age.  Appellant pleaded not guilty at his jury trial.  The parties agreed
that the trial court would instruct the jury on the lesser included offense of
sexual assault.[2] 
Appellant requested that the jury be instructed on the lesser included offense
of indecency with a child.  The State objected, and the trial court overruled
Appellant’s request.  The jury found Appellant guilty of the offense of sexual
assault and assessed punishment of imprisonment for twelve years.  This appeal
followed.

 

Lesser Included Offense

            In
his sole issue, Appellant argues that the trial court erred by not instructing
the jury on the lesser included offense of indecency with a child.  

Standard
of Review and Applicable Law

            Article
36.14 of the code of criminal procedure requires the trial court to deliver to
the jury “a written charge distinctly setting forth the law applicable to the
case. . . .”  Tex. Code Crim. Proc. Ann.
art. 36.14 (Vernon 2007).  Upon
the defendant’s request, a trial court must include a lesser included offense
instruction in the jury charge if the offense is a lesser included offense and
there is some evidence that if the defendant is guilty, he is guilty only of
the lesser offense.  See Guzman v. State, 188 S.W.3d 185,
188 (Tex. Crim. App. 2006). 

            An
offense is a lesser included offense if (1) it is established by proof of the
same or less than all the facts required to establish the commission of the
offense charged; (2) it differs from the offense charged only in the respect
that a less serious injury or risk of injury to the same person, property, or
public interest suffices to establish its commission; (3) it differs from the
offense charged only in the respect that a less culpable mental state suffices
to establish its commission; or (4) it consists of an attempt to commit the
offense charged or an otherwise included offense.  See Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); see also Hall
v. State, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

Anything
more than a scintilla of evidence is sufficient to entitle a defendant to a
charge on a lesser offense.  Hall v. State, 225 S.W.3d 524, 536
(Tex. Crim. App. 2007).  However, “it is not enough that the jury may
disbelieve crucial evidence pertaining to the greater offense, but rather,
there must be some evidence directly germane to the lesser-included offense for
the finder of fact to consider before an instruction on a lesser–included
offense is warranted.”  See Hampton v. State, 109 S.W.3d 437, 441
(Tex. Crim. App. 2003).  We review all evidence presented at trial to make this
determination.  See Rousseau v. State, 855 S.W.2d 666, 673
(Tex. Crim. App. 1993).  If the evidence raises the issue of a lesser included
offense, a jury charge must be given based on that evidence “whether [the
evidence supporting it was] produced by the State or the defendant and whether
it be strong, weak, unimpeached, or contradicted.”  Id. at 672.

Analysis

            Recently,
the court of criminal appeals held that the offense of indecency with a child
is a lesser included offense of aggravated sexual assault when both offenses
are predicated on the same act.  See Evans v. State, 299 S.W.3d
138, 143 (Tex. Crim. App. 2009).  There was only one act in this case, and the
parties agree that the offense of indecency with a child is a lesser included
offense of aggravated sexual assault in this case.  Accordingly, we focus our review
on the second part of the analysis, whether there is some evidence that
Appellant is guilty only of the lesser included offense.  See Guzman,
188 S.W.3d at 188; Feldman v. State, 71 S.W.3d 738, 750 (Tex.
Crim. App. 2002).

Appellant
argued at trial that a lesser included instruction should be given to allow the
jury to convict Appellant if it believed that he pulled down the boy’s pants
and exposed the boy’s anus but that he was not guilty of penetrating the boy’s
anus.  See Tex. Penal Code Ann. § 21.11(a)(2)(B)
(Vernon Supp. 2009).  Specifically, Appellant’s counsel argued that the
indecency charge was appropriate if “the jury didn’t believe that the victim,
when he testified, was credible in his description of the penetration” and,
instead, “just believed that the pulling down of the pants and exposing of the
anus was what happened . . . .”

            The
State argues that there is no evidence that, if Appellant is guilty, he is
guilty only of the offense of indecency with a child.  We agree.  The act
described by the boy was a single act of penetration of his anus by Appellant. 
According to his testimony, there was no other sexual contact between him and
Appellant.  While the exposure of his anus was an act that preceded the
penetration he described, there is no basis on which to conclude that one event
occurred and the other did not.  Appellant did not testify.  Appellant’s
statements to the police are consistent with his having penetrated the child’s
anus and not merely exposing it.  In his statements, he denied the assault, and
then he admitted having consensual sex with the boy.  Therefore, neither of
Appellant’s versions of events is consistent with committing only the offense
of indecency with a child.  

A
defendant need not introduce evidence to establish that he committed a lesser
included offense.  Indeed, an instruction should be given if the evidence of
the element distinguishing the charged offense from the lesser included offense
is so weak that a rational jury might interpret it to have it no probative
value.  See Wolfe v. State, 917 S.W.2d 270, 278 (Tex.
Crim. App. 1996).  But there still must be some evidentiary mismatch to differentiate
between the greater and lesser offense.  See Hampton, 109
S.W.3d at 441.  In this case, the evidence that Appellant exposed the boy’s
anus is precisely the same evidence that he penetrated the boy’s anus.  As
such, there is no evidence directly and solely germane to the lesser included
offense of indecency with a child and no basis on which to conclude that
Appellant was guilty only of the lesser offense of indecency with a child.  See
id.  Therefore, the trial court properly denied Appellant’s request
to instruct the jury on the lesser included offense of indecency with a child. 
We overrule Appellant’s sole issue.

 

Disposition

Having
overruled Appellant’s sole issue, we affirm the judgment
of the trial court.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered June 30, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH) 

 









[1] See Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2009).

 





[2] The complaining witness was not specific in his
testimony as to whether the offense occurred before or after his fourteenth
birthday.  Therefore, the trial court instructed the jury on both the offenses
of aggravated sexual assault and sexual assault.  Aggravated sexual assault, as
charged, is when the victim is under the age of fourteen.  See id.
§ 22.021(a)(2)(B).  Sexual assault, as the jury was instructed, requires proof
that the child was under the age of seventeen.  See Tex. Penal Code Ann. § 22.011(c)(1)
(Vernon Supp. 2009).