# NO. 12-09-00186-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JERRY LEE GUTH,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerry Lee Guth appeals from his conviction for sexual assault. In one issue, Appellant argues that the trial court erred by failing to give a lesser included offense instruction he requested. We affirm.

## BACKGROUND

Appellant sexually assaulted a young boy in his bedroom sometime in 2007 or 2008. The boy did not report the assault for several months. When he did make a report, the police interviewed Appellant. Appellant denied that the boy had been in his home but eventually admitted that he had consensual sex with the boy.

A Smith County grand jury indicted Appellant for the felony offense of aggravated sexual assault.[1] In the indictment, the grand jury alleged that Appellant penetrated the anus of the child with his sexual organ when the child was younger than fourteen years of age. Appellant pleaded not guilty at his jury trial. The parties agreed that the trial court would instruct the jury on the lesser included offense of sexual assault.[2] Appellant requested that the jury be instructed on the lesser included offense of indecency with a child. The State objected, and the trial court overruled Appellant's

---

[1] *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2009).

[2] The complaining witness was not specific in his testimony as to whether the offense occurred before or after his fourteenth birthday. Therefore, the trial court instructed the jury on both the offenses of aggravated sexual assault and sexual assault. Aggravated sexual assault, as charged, is when the victim is under the age of fourteen. *See id.* § 22.021(a)(2)(B). Sexual assault, as the jury was instructed, requires proof that the child was under the age of seventeen. *See* TEX. PENAL CODE ANN. § 22.011(c)(1) (Vernon Supp. 2009).

request. The jury found Appellant guilty of the offense of sexual assault and assessed punishment of imprisonment for twelve years. This appeal followed.

## LESSER INCLUDED OFFENSE

In his sole issue, Appellant argues that the trial court erred by not instructing the jury on the lesser included offense of indecency with a child.

### Standard of Review and Applicable Law

Article 36.14 of the code of criminal procedure requires the trial court to deliver to the jury "a written charge distinctly setting forth the law applicable to the case. . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Upon the defendant's request, a trial court must include a lesser included offense instruction in the jury charge if the offense is a lesser included offense and there is some evidence that if the defendant is guilty, he is guilty only of the lesser offense. *See Guzman v. State*, 188 S.W.3d 185, 188 (Tex. Crim. App. 2006).

An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also Hall v. State*, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

Anything more than a scintilla of evidence is sufficient to entitle a defendant to a charge on a lesser offense. *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007). However, "it is not enough that the jury may disbelieve crucial evidence pertaining to the greater offense, but rather, there must be some evidence directly germane to the lesser-included offense for the finder of fact to consider before an instruction on a lesser–included offense is warranted." *See Hampton v. State*, 109 S.W.3d 437, 441 (Tex. Crim. App. 2003). We review all evidence presented at trial to make this determination. *See Rousseau v. State*, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If the evidence raises the issue of a lesser included offense, a jury charge must be given based on that evidence "whether [the evidence supporting it was] produced by the State or the defendant and whether it be strong, weak, unimpeached, or contradicted." *Id*. at 672.

2

**Analysis**

Recently, the court of criminal appeals held that the offense of indecency with a child is a lesser included offense of aggravated sexual assault when both offenses are predicated on the same act. *See **Evans v. State***, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009). There was only one act in this case, and the parties agree that the offense of indecency with a child is a lesser included offense of aggravated sexual assault in this case. Accordingly, we focus our review on the second part of the analysis, whether there is some evidence that Appellant is guilty only of the lesser included offense. *See **Guzman***, 188 S.W.3d at 188; ***Feldman v. State***, 71 S.W.3d 738, 750 (Tex. Crim. App. 2002).

Appellant argued at trial that a lesser included instruction should be given to allow the jury to convict Appellant if it believed that he pulled down the boy's pants and exposed the boy's anus but that he was not guilty of penetrating the boy's anus. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(B) (Vernon Supp. 2009). Specifically, Appellant's counsel argued that the indecency charge was appropriate if "the jury didn't believe that the victim, when he testified, was credible in his description of the penetration" and, instead, "just believed that the pulling down of the pants and exposing of the anus was what happened . . . ."

The State argues that there is no evidence that, if Appellant is guilty, he is guilty only of the offense of indecency with a child. We agree. The act described by the boy was a single act of penetration of his anus by Appellant. According to his testimony, there was no other sexual contact between him and Appellant. While the exposure of his anus was an act that preceded the penetration he described, there is no basis on which to conclude that one event occurred and the other did not. Appellant did not testify. Appellant's statements to the police are consistent with his having penetrated the child's anus and not merely exposing it. In his statements, he denied the assault, and then he admitted having consensual sex with the boy. Therefore, neither of Appellant's versions of events is consistent with committing only the offense of indecency with a child.

A defendant need not introduce evidence to establish that he committed a lesser included offense. Indeed, an instruction should be given if the evidence of the element distinguishing the charged offense from the lesser included offense is so weak that a rational jury might interpret it to have it no probative value. *See **Wolfe v. State***, 917 S.W.2d 270, 278 (Tex. Crim. App. 1996). But there still must be some evidentiary

3

mismatch to differentiate between the greater and lesser offense. *See **Hampton***, 109 S.W.3d at 441. In this case, the evidence that Appellant exposed the boy's anus is precisely the same evidence that he penetrated the boy's anus. As such, there is no evidence directly and solely germane to the lesser included offense of indecency with a child and no basis on which to conclude that Appellant was guilty only of the lesser offense of indecency with a child. *See **id***. Therefore, the trial court properly denied Appellant's request to instruct the jury on the lesser included offense of indecency with a child. We overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered June 30, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

4